JAMES B. HAND *vs.* INHABITANTS OF BROOKLINE.

Norfolk.   Jan. 23, 1878. — Feb. 28, 1879.   LORD & SOULE, JJ., absent.

A town, which accepts a statute authorizing it to lay and maintain water-pipes for the purpose of supplying the inhabitants thereof with water, at rates established by the town, is liable for an injury sustained by a traveller upon a highway of the town which has been undermined by water escaping from the pipes by reason of negligence in their construction, although the circumstances are such that no action lies for a defect in the highway under the Gen. Sts. c. 44, § 22.

An expert, who has heard so much of the testimony of a previous witness as is material to the subject-matter of the inquiry, may be interrogated thereon.

In an action for an injury caused by a leak in a joint in a water-pipe under ground, an expert may be asked what the condition of the pipe after the accident, as described by another witness, indicated as to the original construction of the joint; and whether pipe, situated as this was, could be affected by contraction and expansion from the time it was laid until the time of the accident.

GRAY, C. J.   In November 1875, the plaintiff, while travelling with due care in a wagon upon a highway in the defendant town, suffered injury by reason of his horse suddenly breaking through the surface of the highway. The declaration contains two counts: the one upon the Gen. Sts. c. 44, § 22, for a defect in the highway which the town was bound to keep in repair; the other at common law, for neglect in the construction of water-pipes, (which the town was authorized by the St. of 1872, c. 343, to lay

and maintain for the purpose of supplying water to the town, and to owners of buildings therein, at rates established by the town,) whereby the water escaped and undermined and washed away the earth under the highway. It having been conceded by the plaintiff, and ruled by the Superior Court, that the plaintiff could not recover under the first count, and a verdict having been returned for him on the second count only, the question before us is whether the action can be maintained upon this count.

The cause of action set forth in this count is not the omission to perform the duty, imposed by general laws upon all cities and towns alike, of keeping the highways in repair; but it is the neglect in the construction of works which the town had been authorized by a special statute, voluntarily accepted, to construct and to receive profits from, just as a private corporation might. For a neglect in the manner of constructing such works, by which injury is caused to person or property, a town is just as liable as a private corporation or an individual. *Scott* v. *Mayor, &c. of Manchester*, 1 H. & N. 59, and 2 H. & N. 204. *White* v. *Hindley Local Board*, L. R. 10 Q. B. 219. *Bailey* v. *Mayor, &c. of New York*, 3 Hill, 531, 539, and 2 Denio, 433. *Aldrich* v. *Tripp*, 11 R. I. 141. *Oliver* v. *Worcester*, 102 Mass. 489, 501. *Hill* v. *Boston*, 122 Mass. 344, 358, 359, 365, 366, 374, 375, 377. *Murphy* v. *Lowell*, 124 Mass. 564.

If the water escaping from the aqueduct by reason of its negligent and imperfect construction had injured buildings or crops, there could be no doubt of the right of the owner to recover damages against the town. The fact that the injury occasioned was within the limits of a highway, where the person injured had a lawful right to be, affords no ground for exempting the town from this liability.

The right of action against a city or town for a defect in a highway is, as has been repeatedly affirmed by this court, created and limited by the statutes. Gen. Sts. *c.* 44, § 22. But those statutes do not affect the common-law liability of owners of aqueducts for damages caused by negligence in their construction. If the water-works under the highway in Brookline had been constructed by an aqueduct corporation or by the city of Boston under authority of the Legislature, and for the pur-

pose of supplying water at certain rates or rents, the corpora-
tion or the city would clearly be liable in an action like this;
and the town of Brookline is not the less liable for an injury
resulting from a neglect in the construction of its water-works,
because it happens to be also the town in which the highway is
situated, and which is bound by general statutes to keep that
highway in repair.

The reasons on which it was held in *Williams* v. *Hingham &
Quincy Bridge & Turnpike*, 4 Pick. 341, that the statutes, de-
fining and limiting the liability of a turnpike corporation for
injuries suffered by travellers in consequence of its neglect to
keep its road in repair, had taken away its liability to an action
at common law for such a neglect, have no application to the
second count in the present case, in which, as we have seen,
the ground of action is not the defect in the road, but the defect
in the water-works. In *Monies* v. *Lynn*, 121 Mass. 442, and 124
Mass. 165, the action was under the statute for a defect in the
highway, and not at common law for a defect in an aqueduct or
pipe owned by the city.

The exceptions to the testimony of Jones cannot be sustained.
The bill of exceptions does not show that any objection was
taken at the trial to his qualifications as an expert. The ques-
tion what the condition of the joint of the pipe after the
accident, as described by Gallagher, another witness, indicated
as to the original construction of the joint, was a suitable ques-
tion to be put to an expert who had heard so much of the testi-
mony of Gallagher as was material to this question. *Cook* v.
*Castner*, 9 Cush. 266. *Hunt* v. *Lowell Gas Light Co.* 8 Allen,
169. The answer of Jones was expressly based upon, and
necessarily implies that he had heard, the statements of Gal-
lagher, that he found a space where there was no lead, and
that the lead was "soft," and had not been driven in as tightly
as it might have been. The other question objected to was
whether pipes, situated as this pipe was, could be affected by
contraction or expansion, from the time it was laid to the fol-
lowing November, so as to cause the leak described. The wit-
ness answered that in his judgment it could not. This question
was likewise competent under the circumstances.

The whole evidence on the general question whether there

was negligence on the part of the defendant in the original construction of the joint of the water-pipe was conflicting, and was rightly submitted to the jury. *Exceptions overruled.*

*M. Williams, Jr.,* for the defendant.

*J. W. Keith,* for the plaintiff.