WILLIAM H. SELTZER *vs.* AMESBURY AND SALISBURY GAS COMPANY.

HARVEY R. NUTTING *vs.* SAME.

Essex.   March 28, 1905. — May 19, 1905.

Present: KNOWLTON, C. J., MORTON, LATHROP, HAMMOND, & BRALEY, JJ.

*Nuisance. Way. Gas Light Company.*

The provision of R. L. c. 51, § 20, requiring notice of the time, place and cause of an injury from a defect in a highway is applicable only to an action brought for a failure to perform a duty imposed by statute of keeping the way in repair, and has no application to an action at common law against a person digging a pit in a highway and leaving it insufficiently or improperly filled.

The obligation of a gas light company under R. L. c. 110, § 76, to put streets which it has dug up "into as good repair as they were in when opened" does not oblige such a company to keep such highways in repair within the meaning of R. L.

c. 51, § 20, and the requirement of that section as to notice of the time, place and cause of an injury from a defect in a highway does not apply to an action against a gas light company.

TWO ACTIONS OF TORT by different plaintiffs against the Amesbury and Salisbury Gas Company for injuries incurred while travelling on Beach Road, a public highway in the town of Salisbury, from the alleged improper filling of a trench dug by the defendant for the purpose of laying gas pipes in that highway, by reason of which the wheel of the wagon in which the plaintiffs were driving sank into the trench, throwing the plaintiffs to the ground. Writs dated February 26, 1903.

In the Superior Court the cases were tried together before *DeCourcy*, J. A third case by Nutting against the town of Salisbury, in which the jury returned a verdict for the defendant, was tried at the same time. At the conclusion of the evidence the defendant requested the judge to rule, that " The defendant gas company was entitled to notice of the time, place and cause of the accident, and inasmuch as it does not appear that the plaintiffs or either of them gave such notice to the said company they are not entitled to recover against said company under the first counts of their respective declarations." The judge declined to rule as requested, but ruled that the plaintiffs were not bound to give notice to the defendant gas company of the time, place and cause of the accident in order to entitle them to maintain their actions against it under the first counts of their respective declarations, and submitted the cases to the jury.

In each of the cases against the gas company the jury returned a verdict for the plaintiff, for Seltzer in the sum of $450, and for Nutting in the sum of $500. The defendant alleged exceptions in both cases.

*H. F. Hurlburt & D. E. Hall,* for the defendant.

*R. E. Burke & D. P. Page,* for the plaintiffs.

HAMMOND, J. The sole question is whether the provisions found in R. L. c. 51, § 20, requiring notice of the time, place and cause of the injury to be given are applicable to this action.

By the plain reading of the statute, the provision for such a notice is applicable only where the action is brought for failure to perform the duty imposed by law of keeping the way in repair.

And it is applicable in such an action whether the defendant be a town, corporation or person. *Dickie* v. *Boston & Albany Railroad*, 131 Mass. 516. *Dobbins* v. *West End Street Railway*, 168 Mass. 556. Where, however, the action is at common law for creating a defect in the highway, it is not applicable. *Hand* v. *Brookline*, 126 Mass. 324. *Fisher* v. *Cushing*, 134 Mass. 374.

We are of opinion that the defendant was not a party obliged by law to keep in repair the highway within the meaning of R. L. c. 51, § 20. R. L. c. 110, § 76, provides that " gas light companies . . . may, with the consent in writing of the mayor and aldermen of a city or the selectmen of a town, dig up and open the ground in any of the streets, lanes and highways thereof, so far as is necessary to accomplish the objects of the corporation ; but such consent shall not affect the right or remedy to recover damages for an injury caused to persons or property by the acts of such corporations. They shall put all such streets, lanes and highways into as good repair as they were in when opened ; and upon failure so to do within a reasonable time, shall be guilty of a nuisance."

It is plain that this act does not impose upon gas companies the duty of keeping in repair that portion of the street which they may temporarily dig up. It simply requires them to put the streets " into as good repair as they were in when opened." When that is done, their duty is performed, and that is so although even then the street is left defective. They may leave the street as they found it. If they found it defective, they may leave it with the same defect. Such an obligation comes far short of a liability to keep the street in repair. Moreover, the statute has reference simply to a temporary condition of things, existing while the work is going on, and extending only so long as may be reasonably necessary to put the road in its former condition. In the present action the liability of the defendant is not based upon its failure to keep the road in proper repair, but upon its act in digging a pit and leaving it insufficiently or improperly filled, thus creating an obstruction to public travel. See *Hand* v. *Brookline, ubi supra.*

*Exceptions overruled.*