MAX MILLER *vs.* THE EDISON ELECTRIC ILLUMINATING
COMPANY OF BOSTON.

Suffolk.    May 17, 1933. — June 29, 1933.

Present: PIERCE, WAIT, FIELD, & LUMMUS, JJ.

*Nuisance. Negligence,* Electric company, Manhole.    *Way,* Public:
manhole.

Where an electric company, pursuant to an order by an official of a city,
constructed a manhole in the sidewalk of a public way to conform to
a certain grade, so that the casting at the top of the manhole would
be level with the sidewalk and conform to its slope after the sidewalk,
later to be constructed, had been constructed by the city, the com-
pany was bound, if it remained in control of the manhole and its
cover, to use due care in the maintenance thereof under the conditions
of travel which then existed and which thereafter came into existence.

Evidence, in an action of tort for personal injuries against said electric
company, that, after the manhole and sidewalk had so been con-
structed, the defendant had no right to change the grade or level of
the sidewalk and did nothing with respect to the manhole for about
two years; that at the end of that period the plaintiff fell and was
injured when he stepped on the cover of the manhole; that at that
time the casting at the top of the manhole and its cover were below
the level of the sidewalk about one and one half inches at one point,
two and one half inches at another point and two inches at a third
point, and were level with the sidewalk at a fourth point; that "the
cover was sagging down" and "sort of sloped all the time there";
that such condition had existed for about six months; that, shortly
after the plaintiff was injured, the defendant opened the street to
repair another manhole and a contractor relaid some of the concrete
of the sidewalk around the manhole in question at the expense of the
defendant under a permit from the city approved by the defendant,
warranted a finding that the sunken condition of the casting and
cover of the manhole had arisen while the defendant was in control
of the manhole and its cover and that such condition was a public
nuisance resulting from the defendant's negligence; and warranted a
finding for the plaintiff.

The requirement of notice and the limitation of damages to a maximum
of $4,000, provided by G. L. (Ter. Ed.) c. 84 were not applicable in
the action above described.

TORT.    Writ dated May 8, 1929.

The plaintiff's declaration was as follows, in part:

"Now comes the plaintiff in the above entitled action
and says that on or about the thirtieth day of January,

1929, while lawfully walking on the sidewalk on Quincy Street, a public highway in that part of Boston called Roxbury, he was caused to fall and sustain serious personal injuries by reason of the defective condition of a manhole cover on the said sidewalk, which defective condition was caused and/or suffered as a result of the negligence of the defendant, its agents or servants. . . . And due notice of the time, place and cause of the said injury was given to the defendant."

The action was tried in the Superior Court before *Bishop,* J. The plaintiff introduced in evidence the following notice, which was sent by him to the defendant by registered mail on February 26, 1929:

"February 26, 1929. The Edison Electric Illuminating Company of Boston, 70 State Street, Boston, Massachusetts. Gentlemen: — You are hereby notified that on Wednesday, January 30th, 1929, while lawfully walking on the sidewalk on Quincy Street in that part of Boston called Roxbury, in front of the Phillips Brooks School, I was caused to fall and sustain injuries by reason of a defect which was caused and or suffered by reason of your negligence. The said defect consisted of · a worn, shiny and slippery manhole cover on which were the letters 'E. E. I. Co.' and which was depressed about one inch below the said sidewalk. The said cover was on the said sidewalk about four feet east of a lamp-post standing thereon. For the injuries thereby sustained I shall claim damages."

Other material evidence is stated in the opinion. The judge ordered a verdict for the defendant and reported the action for determination by this court.

The case was submitted on briefs.

*W. B. Keenan & J. A. Treanor, Jr.,* for the plaintiff.

*R. B. Coulter,* for the defendant.

PIERCE, J. This is an action of tort to recover damages for personal injuries, sustained by the plaintiff by reason of a defective manhole cover in the sidewalk which the defendant, as alleged, was bound to keep in repair.

At the close of the evidence the judge on the defendant's motion directed a verdict for the defendant, and the plain-

tiff excepted. The judge "reserved the case for report to the Supreme Judicial Court at the request of both parties upon the stipulation that if, disregarding any evidence improperly admitted after objection and exception, the direction is error judgment shall be entered for the plaintiff in the sum of $9,000, unless by reason of the provision of G. L. c. 84 the maximum amount that the plaintiff can recover is $4,000, in which event if the direction is error, judgment is to be entered for the plaintiff for $4,000." The report contains all the material evidence.

At the trial it was agreed by counsel that "the street in question was a public way and that the manhole was constructed by a contractor employed by the Edison company in 1923"; that "A permit was issued May 23, 1923, on its application for the construction of a conduit running the length of Quincy Street, and that the permit included building of a manhole on which the plaintiff fell"; that "In the summer of 1927 the Edison company was ordered to make certain manholes conform to a certain grade set by the city engineer and that the manholes were constructed and set to that grade, including the manhole on which the plaintiff fell"; that "the work was passed upon and inspected and that the Edison company had no right to do anything at that time other than what the city engineer and the city inspector ordered to be done"; and that "when the Edison company left there the sidewalk had not been laid, but that the manhole was constructed at the grade given by the city engineer and left in that condition and passed by the city inspector on the job."

A bond was admitted in evidence over the defendant's objection and exception for the purpose of showing control and for the purpose of showing an agreement for indemnification which would entitle the plaintiff to bring action against the Edison company. No technical objection was raised to the execution of the bond. The bond was as follows: "Know all men by these presents that we, the Edison Electric Illuminating Company of Boston, Massachusetts, as principal, and Fred G. Haven of Somerville, Mass., as surety, are holden and stand firmly bound unto

the City of Boston in the sum of twenty thousand dollars, to the payment of which to the said City of Boston we hereby jointly and severally bind ourselves, our successors and assigns, heirs, executors and administrators. This obligation is upon the condition that if the Edison Electric Illuminating Company of Boston has received or shall hereafter receive any permit from the Superintendent of Streets to occupy or make an opening in any public way and shall hereafter receive or has received any permit from the Superintendent of Streets to occupy or make an opening in any public way and shall faithfully discharge and perform every duty and requirement imposed by statute, ordinance or regulation upon persons occupying or making openings in public ways, conform to all directions of the Superintendent of Streets relating to the work done under such permit and pay all expenses and damages incurred by the city or recovered from it by reason of such occupation, opening or work, the obligation shall become of no effect; otherwise it shall continue in full force. Signed, sealed and delivered this ninth day of September 1909."

For the purpose of showing control of the manhole evidence was admitted that on March 4, 1929, the defendant made an opening on Quincy Street at the Phillips Brooks School for the purpose of repairing a manhole. It further appeared that following the thirtieth day of January, the day of the accident, two squares of granolithic pavement were relaid around the manhole in question by the contractor who built the paving; and that a permit in the form of an order issued to the contractor, which read: "Henry F. Malley" "You are hereby authorized and directed to repair two blocks of artificial stone sidewalk at the expense of the Edison Electric Illuminating Company. This order is not good unless approved by the Edison Electric Illuminating Company." This order referred to the location of the manhole in question and was approved by the Edison Electric Illuminating Company. "It was agreed that there was no application to repair the two blocks of concrete in the application to repair the manhole cover on March 4, 1929, but there was an order given to repair them and the re-

pair was done and charged to the Edison company, and they paid for it to the contractor Malley." From 1927, when the manholes were constructed to conform to certain grades set by the engineer, until the moment of the accident on January 30, 1929, the defendant did nothing and had no right to do anything to change the level or grade of the sidewalk in which the manhole was placed. It appeared in evidence that the sidewalk was laid by a city contractor and that when the job was finished in October or early November, 1927, the casting was "level with the sidewalk and agreed with its slope."

The report describes the accident to the plaintiff in substance as follows: The plaintiff lived, and had a place of business, on Quincy Street, Roxbury. January 30, 1929, "was a dull day" and "there was no snow on the sidewalk." At 7:50 A.M. he left his house to go to his place of employment. As he was walking on the sidewalk his attention to his footing was momentarily diverted therefrom by a salutation coming from a man riding in an automobile. He turned his head to see who was calling and coincidently he stepped on the top of a manhole cover; "his foot twisted . . . his ankle turned over and he fell down" and sustained injuries for which he seeks damages in this action.

The manhole itself is of brick set on a solid foundation. It is five feet deep by three and one half feet wide and five feet long, and is built on a concrete floor. The entrance to the manhole is a circular opening twenty-nine inches across, rimmed with an iron casting which rests on iron rails and encloses the top of the manhole chamber. The only part of the manhole visible from the sidewalk is the edge of the casting and the solid iron cover. The sidewalk at the place where the accident occurred was of concrete construction and about eight feet wide, the back of the sidewalk being three inches higher than the curbing. When the sidewalk was laid and finished in October or early November, 1927, the casting "was level with the sidewalk and agreed with its slope." There was evidence to warrant a finding by the jury that at the time of the accident, and before for about six months, the sidewalk was one and one half inches

higher than the casting and cover of the manhole on one side and two and one half inches on the other side; that before the accident the cover was never level with the sidewalk; that there was a slope in the cover; that about a half year before the accident "the cover was sagging down"; that "It was sort of sloped all the time there; that it was kind of deep about one and a half inches on one side and two or two and a half inches on the other side"; that it was below the level of the sidewalk one and one half inches toward Perth Street, and two and one half inches toward Blue Hill Avenue; that the side toward the fence and school house was even with the sidewalk and the side toward the gutter was two inches below the sidewalk.

The defendant does not contend by oral argument or brief that the picture of the condition of the cover of the manhole in its relation to the surface of the adjacent sidewalk was misdescribed by the plaintiff and his witnesses, nor does it contend orally or in its brief that the plaintiff was guilty of contributory negligence. The evidence clearly warrants a submission to the jury of the issue whether there was a defect in the travelled way which caused it to be unsafe for travel. We deem the defence of contributory negligence to be waived. The defendant contends that the plaintiff cannot recover because he did not give the defendant the proper statutory notice the city would be entitled to receive had the action been against the city. G. L. c. 84, §§ 15, 18. The requirement of notice is not applicable in the form of action chosen by the plaintiff. *Fisher* v. *Cushing*, 134 Mass. 374. *Seltzer* v. *Amesbury & Salisbury Gas Co.* 188 Mass. 242. *Jones* v. *Collins*, 188 Mass. 53. The limitation of damages to $4,000, under G. L. c. 84, § 15, does not prevent recovery of a greater sum in an action against private corporations or individuals. *Mooney* v. *Edison Electric Illuminating Co.* 185 Mass. 547.

The defendant obtained a location under G. L. c. 166, §§ 21, 22. It constructed under the terms of that statute and in accordance with the ordinances of the city of Boston, one of which, c. 27, § 18, of the Revised Ordinances of the City of Boston (1925), reads: "every person main-

taining . . . a wire, pipe, conduit or other structure under a street, shall do so only on condition that such maintenance shall be considered as an agreement on his part with the city to keep the same and the covers thereof in good repair and condition at all times during his ownership and to indemnify and save harmless the city against any and all damages, costs, expenses or compensation which it may sustain or be required to pay, by reason of such excavation or structure being under or in the street, or being out of repair during his ownership, or by reason of any cover of the same being out of repair or unfastened during his ownership." Apart from this ordinance the defendant was bound, if it remained in control of the conduit, manhole and cover after the grade of the sidewalk was established and the concrete laid in 1927, to use due care in the maintenance of the manhole with its cover under the conditions of travel not only existing when the conduit was built but coming into. existence afterwards. *Nugent* v. *Boston Consolidated Gas Co.* 238 Mass. 221, 232. For the purposes of this decision we adopt the contention of the defendant that the bond was improperly admitted "for the purpose of showing control and for the purpose of showing an agreement for indemnification which would entitle the plaintiff to bring action against the Edison company," and that, similarly, c. 27, § 18, of the Revised Ordinances of the City of Boston (1925) should have been excluded. This is not to be construed as impugning the rule that third persons in cases similar to the case at bar are permitted, to avoid circuity of action, to maintain an action at law against a defendant who is in control of the locus and has given an agreement of indemnity to a city, town or individual required by law to keep the alleged defective locus reasonably safe for travel. *Quinn* v. *Crimmings*, 171 Mass. 255. *Stefani* v. *Freshman*, 232 Mass. 354. *Kelley* v. *Rubin*, 259 Mass. 379.

We are of opinion that there was sufficient evidence to warrant the jury in finding that the manhole, while it was in the control of the defendant, had sunk in the sidewalk, and if the jury found that such was the fact, they would

be warranted in making the further finding that the condition of the casting of the manhole and its cover in relation to the level of the surface of the adjoining sidewalk was due to the neglect of the defendant and created a public nuisance for which it was liable. *Nugent* v. *Boston Consolidated Gas Co.* 238 Mass. 221, 232. It follows that the direction of the verdict for the defendant was error and in accordance with the stipulation judgment should be entered for the plaintiff in the sum of $9,000.

*So ordered.*