MARY A. SLOPER *vs.* CITY OF QUINCY.

Norfolk.    April 5, 1938. — June 29, 1938.

Present: LUMMUS, QUA, DOLAN, & COX, JJ.

*Municipal Corporations*, Liability for tort.  *Actionable Tort.*  *Way*, Public: defect.

Negligence of the water department of a city in digging a trench in a public way and leaving it insufficiently filled and unguarded in the course of its maintenance of a water system as a commercial venture rendered the city liable at common law to one injured thereby; and no notice under G. L. (Ter. Ed.) c. 84, § 18, was required.

TORT.  Writ in the Superior Court dated January 15, 1932.

A verdict for the defendant was ordered by *Walsh*, J.

*E. S. Farmer*, for the plaintiff.

*J. D. Smith*, City Solicitor, for the defendant.

DOLAN, J.  This is an action of tort brought to recover compensation for personal injuries and damage to property. At the close of the evidence the defendant's motion for

a directed verdict was allowed, subject to the plaintiff's exceptions. The case was reported to this court for determination, at the request of the parties, who stipulated that, in the event that the action of the judge in directing a verdict for the defendant was error, judgment is to be entered for the plaintiff in the sum of $400; otherwise, judgment is to be entered for the defendant. The plaintiff's amended declaration is in six counts, three of which relate to the personal injuries and the remainder to the property damage. The allegations of the declaration are that the personal injuries and damage to her property were suffered by the plaintiff through the action of the defendant city in (a) negligently causing an excavation in a public highway known as Washington Street in the defendant city, (b) negligently filling in an excavation made by it in the highway, thereby causing a depression, and negligently failing to place barriers or other warnings to persons travelling thereon, and (c) causing and allowing a nuisance to exist thereon. The defendant's answer contained a general denial and also pleaded contributory negligence on the part of the plaintiff.

The defendant has not argued that the evidence in its aspect most favorable to the plaintiff would not warrant the jury in finding that the injuries and damage suffered by her were caused by the defendant's negligence, and that the plaintiff was not guilty of contributory negligence. An examination of the evidence satisfies us that, if the defendant did so contend, its contentions could not be sustained. It is therefore necessary to relate only such facts, as the jury could have found, which are pertinent to the consideration of the defendant's contention that the plaintiff cannot maintain her action because she failed to give notice to the defendant of the time, place and cause of her injuries and damage under the provisions of G. L. c. 84, § 18; and the contention of the plaintiff that her action is brought, not under G. L. c. 84, § 15, relating to the liability of cities and towns for defects in highways which they are obliged by law to keep in repair, but at common law. These facts may be summarized as follows.

On March 23, 1931, employees of the water department of the defendant made openings in Washington Street within the defendant city for the purpose of repairing a broken water main which was a part of its water system. It is agreed by the parties that the portion of Washington Street, in which ditches were dug by the employees before mentioned, is a State highway. It is also agreed that the water department of the defendant city is maintained to provide a supply of water for its inhabitants and other users, all of whom are "billed" by the department for the water consumed. The openings were made without a written permit from the department of public works as provided in G. L. c. 81, § 21. That section, however, provides in part that a "town," and the word "town" as used therein includes "city" (see G. L. [Ter. Ed.] c. 4, § 7, Thirty-fourth), may "dig up a state highway without the approval of the department in case of immediate necessity; but in such cases it shall forthwith be replaced in as good condition as before at the expense of the town." No contention is put forth that the excavations made by the defendant were not made under circumstances which created an "immediate necessity." In order to make the repairs the employees of the defendant's water department dug two ditches, one on the northerly, the other on the southerly, side of the highway. Before leaving the work at 5 P.M. on the day the repairs were begun, they filled the excavation on the north side of the way, leaving a few inches above the surface "for sinking." A plank and "horses" and lanterns were placed on or about the excavation on the south side of the highway.

About 9 P.M. of the same day, the plaintiff was riding in the rumble seat of an automobile owned by her and operated by her husband. Just after they had passed over the Fore River Bridge, the plaintiff felt the car strike an obstacle in the way and was thrown forward against the front seat, and to the sides of the automobile, and sustained the personal injuries complained of. The automobile was damaged. It was brought to a stop, and, with the aid of a search-light thrown on the way to the rear, the plaintiff saw a

ditch or hole, not completely filled in, in back of which was a mound of dirt six or eight feet long and four and one half to five and one half inches high. The place thus observed by her was that in which the defendant had made the excavation on the northerly side of the highway. There were no lights or barriers about or on this excavation at the time of the accident or at 5:45 A.M. the next day, when the plaintiff returned to the scene.

The plaintiff's declaration is not based on any statute relative to the liability of the defendant to maintain the way in repair. It could not be so grounded successfully, the highway being a State highway and one, therefore, that the defendant was not obliged by law to keep in repair. That legal duty rested upon the department of public works of the Commonwealth by G. L. c. 81, §§ 13, 18. Nor can it be said that the provision of G. L. c. 81, § 21, requiring a town (city), which digs up a State highway in case of immediate necessity, to replace the way "forthwith . . . in as good condition as before," imposed a duty upon the defendant of keeping in repair that portion of the State highway which it had opened. See *Seltzer* v. *Amesbury & Salisbury Gas Co.* 188 Mass. 242, 244. In the case just referred to it is said (pages 243–244) that the provisions of G. L. c. 84, § 18 (then R. L. c. 51, § 20) are "applicable only where the action is brought for failure to perform the duty imposed by law of keeping the way in repair . . . . Where, however, the action is at common law for creating a defect in the highway, . . . [§ 18] is not applicable. *Hand* v. *Brookline*, 126 Mass. 324. *Fisher* v. *Cushing*, 134 Mass. 374." See also *Miller* v. *Edison Electric Illuminating Co. of Boston*, 283 Mass. 517, 522.

The question remaining for determination is whether the defendant is liable at common law for the injuries and damage sustained by the plaintiff by reason of the negligence of the defendant in the maintenance of its water system. Apart from statute, a municipality is not liable for negligence in the conduct of strictly public functions from the performance of which it receives no profit or advantage, because this "would involve the municipality in endless

embarrassments and difficulties which would be subversive of public interests." *Galassi Mosaic & Tile Co.* v. *Boston,* 295 Mass. 544, 551. On the other hand, a city or town is liable for negligence in the conduct of commercial enterprises voluntarily undertaken for profit or to benefit its corporate interests, although a public need is ultimately subserved. *Hill* v. *Boston,* 122 Mass. 344. *Pettingell* v. *Chelsea,* 161 Mass. 368, 369, 370. *Bolster* v. *Lawrence,* 225 Mass. 387, 388–390. *Wood* v. *Oxford,* 290 Mass. 388, 390. *Orlando* v. *Brockton,* 295 Mass. 205, 208. It is settled in this Commonwealth that the maintenance of a system of water supply in part for the use of inhabitants who pay for the water thus supplied does constitute a commercial venture, and that a city or town is liable for negligence in connection therewith just as a private corporation would be liable in performing a similar service. *Hand* v. *Brookline,* 126 Mass. 324, 325, 326. *Pearl* v. *Revere,* 219 Mass. 604, 605, and cases cited. The provisions of G. L. c. 84, § 15, do not affect this common law liability. *Hand* v. *Brookline,* 126 Mass. 324, 325. And, in the case at bar, as the liability of the defendant does not arise from a failure on its part to keep the way in proper repair, but arises from its act in digging a pit and leaving it insufficiently or improperly filled and unguarded, in the course of conduct of its commercial venture in maintaining its water system, G. L. c. 84, § 18, does not apply. See *Hand* v. *Brookline,* 126 Mass. 324; *Seltzer* v. *Amesbury & Salisbury Gas Co.* 188 Mass. 242, 244; *Harrington* v. *Alessi,* 269 Mass. 433, 435.

We are of opinion that the judge erred in directing the jury to return a verdict for the defendant. Judgment is to be entered for the plaintiff in the sum of $400, in accordance with the stipulation of the parties, and it is

*So ordered.*