FRANK L. LAWLESS *vs.* TRUSTEES OF NEW YORK, NEW HAVEN AND HARTFORD RAILROAD.

Worcester. September 22, 1941. — October 31, 1941.

Present: FIELD, C.J., QUA, DOLAN, COX, & RONAN, JJ.

*Negligence,* Obstruction of way, Use of way. *Way,* Public: obstruction, defect. *Practice, Civil,* Exceptions: what questions open.

The two-year period of limitation in G. L. (Ter. Ed.) c. 84, § 18, was not applicable to an action of tort for personal injuries founded solely on negligence of the defendant in causing an obstruction of a public way.
Upon an exception to the ordering of a verdict for the defendant at the close of the plaintiff's opening statement to the jury on the ground that the action had not been brought seasonably, the question of the sufficiency of the statement in other respects was not before this court.

TORT. Writ in the Superior Court dated November 30, 1938.

A .verdict for the defendants was ordered by *Dillon*, J.

*H. J. Dumas*, for the plaintiff.

*J. J. Whittlesey*, for the defendants, submitted a brief.

RONAN, J.  This is an action of tort to recover damages for personal injuries alleged to have been sustained by the plaintiff on the evening of September 28, 1936, when he fell on some planks lying on the portion of the sidewalk of Cambridge Street, a public highway in Worcester, that was located under the bridge which carried the defendants' railroad over the said highway.  The judge directed a verdict for the defendants upon the conclusion of the opening by counsel for the plaintiff, on the ground that the action should have been brought within two years of the date of the accident.  The case is here upon the exceptions of the plaintiff.

In determining the correctness of the action of the judge in directing a verdict for the defendants upon the plaintiff's opening, we must assume not only that the statements in the opening would be supported by testimony but also that such statements were true.  *Sandler* v. *Green*, 287 Mass. 404.  *Cahalane* v. *Dennery*, 298 Mass. 34.  *Rosenblum* v. *Economy Grocery Stores Corp*. 300 Mass. 264.

It appears from the opening statement that as the plaintiff travelled along the sidewalk under the railroad bridge on the afternoon of September 28, 1936, he noticed a canvas hanging down over the railroad abutment on the inside of the sidewalk and that there were ten or twelve planks upon the walk.  He again had occasion to travel on this sidewalk on his way home at eight thirty or nine o'clock in the evening.  It was dark under the railroad bridge and as he proceeded along the sidewalk he stepped over two planks and fell over a third plank, sustaining a fracture of his wrist.  Counsel did not mention the number or location of any lanterns but stated that there would be testimony concerning their condition and location in reference to the place of the accident.  We have in substance stated all the material facts included in the opening.

The declaration, which was in a single count, based liability solely upon the negligence of the defendants in plac-

ing and permitting the planks to remain upon the public way. There was no allegation in the declaration or claim made in the opening that the defendants were bound by any statute or decree of the county commissioners or order of any other governmental authority to keep the sidewalk in repair for the use of the public, and no such statute, decree or order has been brought to our attention. Moreover, the plaintiff's case was predicated not upon a failure to repair but upon the placing of an obstruction in the street. In these circumstances, G. L. (Ter. Ed.) c. 84, § 18, requiring the giving of a written notice by the injured party to the person obliged to keep the way in repair and limiting the period within which an action may be brought to two years, has no application. There was error in ordering a verdict for the defendants on the ground that the action should have been brought within said period. *Hand* v. *Brookline*, 126 Mass. 324. *Fisher* v. *Cushing*, 134 Mass. 374. *Seltzer* v. *Amesbury & Salisbury Gas Co.* 188 Mass. 242. *Sloper* v. *Quincy*, 301 Mass. 20. *Galluzzi* v. *Beverly*, 309 Mass. 135.

The question of the sufficiency of the plaintiff's opening in other respects is not before us since the only matter decided by the judge was that the action was not brought seasonably.

*Exceptions sustained.*