MARY F. REGAN, executrix, vs. JOHN J. AMARA & SONS
COMPANY.

Suffolk.    February 2, 1965. — April 2, 1965.

Present: WILKINS, C.J., SPALDING, CUTTER, SPIEGEL, & REARDON, JJ.

*Negligence,* Use of way, Contractor. *Way,* Public: defect. *Evidence,*
Admitted without objection, Admitted generally.

A finding of negligence on the part of a contractor resurfacing a heavily
traveled city street toward a pedestrian injured through falling at night
on a crosswalk by reason of a depression around a casting of a gas
company was warranted by evidence that the contractor was under a
duty by ordinance and the terms of a permit issued to him to protect
travelers from injury, that the depression resulted from work done
some weeks before the accident in adjusting the casting to the proposed
new level of the street, and that the depression was "left exposed with-
out any barrier or warning thereabout." [736–737]
A notice under G. L. c. 84, § 18, was not required with respect to a claim
against a contractor based on his failure to give the claimant warning
by barriers or otherwise of a depression which existed in a crosswalk of
a city street during a resurfacing thereof by the contractor and which
caused the claimant, a pedestrian, to fall and be injured.    [737]
In an action for personal injuries, notice of which was not required under
G. L. c. 84, § 18, sustained by the plaintiff, a pedestrian, by reason of a
depression in a crosswalk of a street being resurfaced by the defendant,
a contractor, a letter from the plaintiff to the defendant in the form of
a notice, upon being admitted in evidence without objection or limitation
as to its use, might properly be considered by the jury as evidence of
the facts stated in it.    [737]

TORT.    Writ in the Superior Court dated January 8, 1959.
The action was tried before *Moynihan, J.*

*Frank P. Hurley* for the defendant.
*Thomas B. Shea* for the plaintiff.

SPALDING, J.    This is an action of tort brought originally
by Margaret T. Watson (plaintiff) to recover compensation
for personal injuries sustained by her on October 23, 1958,
as a result of a fall on Washington Street, a public way in
the Dorchester section of Boston.[1]    The amended declara-

---

[1] The plaintiff died before the trial and her case is now being prosecuted
by her executrix.

tion is in two counts; one against John J. Amara & Sons Company (Amara), and the other against the Boston Gas Company (Gas Company). The action was consolidated for trial with a companion case brought by the plaintiff against the city of Boston. The jury returned verdicts for the executrix against Amara and the city, and found for the defendant on the count against the Gas Company.

The first count charged Amara with negligence in the performance of its duty "to keep . . . [Washington Street] in a reasonably safe condition for travellers to pass thereover." More specifically, it averred that a "defective and dangerous condition" existed "without any barrier . . . or other proper warning." At the conclusion of the evidence Amara presented a motion for a directed verdict, which was denied, subject to its exception. This exception presents the sole question for decision.

There was evidence tending to show the following: On October 23, 1958, at about 8 P.M. the plaintiff fell in a "depression consisting of a difference in the elevation between the road surface and a cast iron cover, circular in shape, about six inches wide, and bearing the imprint 'C,' causing a variation of about four to five inches in elevation, [and] causing a depressed condition adjoining the cast iron set-off or cover over an area of about two feet long by two feet wide by five to six inches in depth." The circular casting was on a crosswalk on Washington Street, a heavily traveled way.

The condition of the casting, as well as the immediate surrounding road surface, was the result of work Amara had contracted to do for the city of Boston. The contract provided for the laying of new artificial stone sidewalks, resetting edgestones, raising water and sewer castings, and resurfacing the roadway. A permit was issued to Amara by the city on March 24, 1958. Work was begun on June 30, 1958.

On or about September 15, 1958, Amara notified various utility companies to raise their castings so that a final level of hot top could be spread over the roadway by Henry

Baker & Company, a subcontractor of Amara for the resurfacing work. The purpose of the raising was to bring the castings up to the expected level of the roadway after the final coat of hot top was applied. On September 16, 1958, employees of the Gas Company raised the gas casting. It was necessary to excavate an area approximately a foot and a half deep and a foot and a half to two feet around the casting. After the casting was raised, concrete was poured to within an inch and a quarter of the top of the casting. Then a sand patch, which is a temporary method of evening off the surface of the casting and the roadway, was put over the concrete. This patch can be worn away by traffic and rain; "it will just crumble up like sand." While the concrete is fresh, it is the custom for the Gas Company and other utilities to protect the castings by barricades and lights. Amara never did this except for water and sewer castings. The depression which caused the plaintiff's fall was "left exposed without any barrier or warning thereabout." From September 16, 1958, until October 28, 1958, the date on which the final coat of hot top was applied, there was no change in the condition of the roadway.

The plaintiff's right to recover is grounded on the theory that Amara was negligent in not warning her of the condition of the roadway. The case at bar closely resembles *Scholl* v. *New England Power Serv. Co.* 340 Mass. 267, 270, where we held that a power company could be found to have been negligent "in failing to warn travellers of . . . [an] excavation or to provide adequate barriers around it." Amara's duty under Rev. Ord. of Boston (1947) c. 27, § 9.2,[1] was to keep the way reasonably safe for travelers. *Morri-*

---

[1] This ordinance reads in relevant part: "That the person receiving the permit shall place and maintain from the beginning of twilight, through the whole of every night, over or near the place so occupied, opened, obstructed or used, and over or near any dirt, gravel or other material placed in or near such place, a light or lights sufficient to protect travelers from injury; shall place and maintain a safe and convenient way, satisfactory to the commissioner, for the use of foot travelers and for vehicles around or over such place." On the back of the permit issued to Amara the substance of the ordinance was set forth.

*son* v. *Quincy Mkt. Cold Storage & Warehouse Co.* 323 Mass. 536, 537. Applying this standard to the foregoing evidence, a jury could have found that Amara knew or ought to have known of the defective condition of the street and was negligent in failing to take adequate precautions.

Amara contends that the record contains no description of the conditions and circumstances prevailing at the time of the accident. Apparently the basis of this contention is the admission of a letter dated November 19, 1958, sent by the plaintiff to Amara and the use of this letter to establish facts which were said to have existed at the time the plaintiff was injured. While the letter was in the form of a purported notice, no such notice was required by G. L. c. 84, § 18. *Jones* v. *Collins,* 188 Mass. 53, 58. *Miller* v. *Edison Elec. Illuminating Co. of Boston,* 283 Mass. 517, 522. *Lawless* v. *Trustees of N. Y., N. H. & H. R.R.* 310 Mass. 211.

There is no doubt that the letter, if objected to, would have been inadmissible, unless — as does not appear to be the case — it was offered as a declaration of a deceased person and the requirements of G. L. c. 233, § 65, were met. But the letter was admitted without objection and without limitation. It, therefore, was competent for all purposes including its use as evidence for the truth of the facts stated in it. *Blackman* v. *Coffin,* 300 Mass. 432, 437. *Pochi* v. *Brett,* 319 Mass. 197, 203. *Commonwealth* v. *Reynolds,* 338 Mass. 130, 135–136. See *Solomon* v. *Dabrowski,* 295 Mass. 358. If this were a case involving proof of a notice required by law, a different question would be presented. In such a situation, it could be argued that the opposing party could rightly assume that the admission of the letter, despite the failure to limit its use, was for the sole purpose of satisfying the statutory requirement. But we need not decide that point.

We have considered all the questions argued and have dealt with those which require discussion.

*Exceptions overruled.*