KAREN B. KARLIN vs. MASSACHUSETTS TURNPIKE
AUTHORITY.

Middlesex.   January 9, 1987. — April 30, 1987.

Present: HENNESSEY, C.J., WILKINS, LIACOS,·& O'CONNOR, JJ.

*Massachusetts Turnpike Authority. Massachusetts Tort Claims Act. Governmental Immunity. Way, Public: defect. Words, "Want of a sufficient railing."*

The Legislature has expressly excluded the Massachusetts Turnpike Authority from the protection of sovereign or governmental immunity accorded by G. L. c. 258, § 1, the Massachusetts Tort Claims Act, by defining a "public employer" as not including the Authority, the Massachusetts Bay Transportation Authority, the Massachusetts Port Authority, "or any other independent body politic and corporate." [766-767]

On appeal from summary judgment in favor of the Massachusetts Turnpike Authority in an action by the operator of a motor vehicle alleging the Authority's negligence with respect to a guardrail which the plaintiff had struck on the Massachusetts Turnpike it was held that the Authority was liable for want of a sufficient railing, despite the existence of c. 81, § 18, specifically exempting the Commonwealth from liability for want of a railing on any State highway, in light of St. 1952, c. 354, § 15, which states that the Authority shall be liable to a person injured "by reason of a defect or want of repair" in the turnpike "to the same extent as though the turnpike were a way within the meaning of [G. L. c. 84, § 15]," and G. L. c. 84, § 15, which imposes liability "by reason of a defect or a want of repair or a want of a sufficient railing in or upon a way" negligently caused by "the county, city, town or person by law obliged to repair the same" if there was reasonable notice given. [767-769]

The Massachusetts Turnpike Authority is a "person," rather than a "governmental unit," as those terms are used in G. L. c. 84, § 15, and consequently it was not entitled, in an action for negligence with respect to a guardrail on the Massachusetts Turnpike, to rely on the principle that a governmental defendant may be liable for a highway defect only if its negligence was the sole cause of the plaintiff's injury. [769-770]

CIVIL ACTION commenced in the Superior Court Department on September 26, 1980.

The case was heard by *Thomas R. Morse, Jr.,* J., on a motion for summary judgment.

The Supreme Judicial Court granted a request for direct appellate review.

*W. Thomas Smith* for the plaintiff.

*John J. Davis* for the defendant.

WILKINS, J. The plaintiff was seriously injured when the motor vehicle she was operating on June 11, 1979, on the Massachusetts Turnpike left the paved highway, struck a guardrail, and went down an embankment. She brought this action against the Massachusetts Turnpike Authority (Authority) alleging its negligence with respect to the guardrail.[1] She has stated in an affidavit that, due to her injuries, she is unable to recall how the accident happened.

A judge of the Superior Court allowed the Authority's motion for summary judgment and immediate entry of judgment in favor of the Authority. The judge filed no memorandum in explanation of his action. The Authority argued below, and contends here, that it is immune from liability in the circumstances and that, even if it were not immune and was negligent, it cannot be liable because its negligence was not the sole cause of the injuries. We allowed the plaintiff's application for direct appellate review and now reverse the judgment for the Authority and remand the case for further proceedings.

The Authority is not entitled to governmental or sovereign immunity. The Legislature expressly excluded the Authority from the Massachusetts Tort Claims Act by defining a "public employer" as not including the Authority, the Massachusetts Bay Transportation Authority, the Massachusetts Port Authority, "or any other independent body politic and corporate." G. L. c. 258, § 1 (1984 ed.). We have never indicated that the Authority has the protection of sovereign or governmental immunity. As an independent entity, supported by its own nontax revenue sources and without the Commonwealth's

---

[1] Other defendants, added by amendment to the complaint, are not involved in this appeal. The theory of the plaintiff's case against the other defendants is based in part on a claim of defective design of the highway and guardrails.

credit pledged on its behalf, the Authority's circumstances do not present the need for the protection of public funds which underlay the reason for governmental immunity. See *Commonwealth* v. *Toomey,* 350 Mass. 345, 348 n.3 (1966) ("The Authority does not enjoy sovereign immunity" [dictum]). Cf. *Morrison-Knudsen Co.* v. *Massachusetts Bay Transp. Auth.,* 573 F. Supp. 698, 700 (D. Idaho 1983) (MBTA is not an arm of the Commonwealth immune from suit under the Eleventh Amendment to the United States Constitution).[2]

The Authority's liability in this case turns on our construction of St. 1952, c. 354, § 15, as amended, set forth in relevant part in the margin,[3] which says that the Authority shall be liable to a person injured "by reason of a defect or want of repair" in the turnpike "to the same extent as though the turnpike were a way within the meaning of [G. L. c. 84, § 15]." Section 15 makes no mention of inadequate guardrails, but G. L. c. 84, § 15 [1984 ed.), to which § 15 refers, does. Section 15 of G. L. c. 84, which is set forth in full in the margin,[4] imposes

---

[2] The Authority's immunity on general principles is, in any event, irrelevant in this case because, as will be seen, the Legislature has prescribed the Authority's liability for certain highway defects, including inadequate or defective guardrails.

[3] "Until the turnpike shall have become a part of the state highway system under the provisions of section seventeen of this act, the Authority shall be liable to any person sustaining bodily injury or damage in his property by reason of a defect or want of repair therein or thereupon to the same extent as though the turnpike were a way within the meaning of sections fifteen, eighteen and nineteen of chapter eighty-four of the General Laws, and shall be liable for the death of any person caused by such defect or want of repair to the same extent as is provided in chapter two hundred and twenty-nine of the General Laws. Any notice of such injury, damage or death required by law shall be given to any member of the Authority or to the secretary-treasurer."

[4] General Laws c. 84, § 15, reads: "If a person sustains bodily injury or damage in his property by reason of a defect or a want of repair or a want of a sufficient railing in or upon a way, and such injury or damage might have been prevented, or such defect or want of repair or want of railing might have been remedied by reasonable care and diligence on the part of the county, city, town or person by law obliged to repair the same, he may, if such county, city, town or person had or, by the exercise of proper care and diligence, might have had reasonable notice of the defect or want of repair or want of a sufficient railing, recover damages therefor from such

liability "by reason of a defect or a want of repair or a want of a sufficient railing in or upon a way" negligently caused by "the county, city, town or person by law obliged to repair the same" if there was reasonable notice of the defect. By G. L. c. 81, § 18 (1984 ed.), the Commonwealth is specifically exempted from liability for want of a railing on any State highway.

Section 15 analogizes the Authority's responsibility to that of a person or political subdivision obliged to repair a way under G. L. c. 84, § 15, and not to the Commonwealth's responsibility under G. L. c. 81, § 18. The Legislature could have easily granted the Authority exemption from liability for inadequate or defective guardrails and from liability for defects not on the traveled roadway by reference to G. L. c. 81, § 18, rather than (as it did) to G. L. c. 84, § 15.

We are disinclined to attribute to the absence of a reference to guardrails in § 15 a legislative intent to immunize the Authority from liability for negligence in maintaining or providing guardrails. We see no reason why the Legislature would have intended a revenue producing entity like the Authority to be exempt from such liability and counties, cities, and towns not exempt.[5] The words "defect" and "want of a sufficient railing" are not always mutually exclusive. Section 18 of G. L. c. 81 treats "want of a railing" as a form of highway defect. We think § 15 should be read to do the same.

---

county, city, town or person; but he shall not recover from a county, city or town more than one fifth of one per cent of its state valuation last preceding the commencement of the action nor more than five thousand dollars; nor shall a county, city or town be liable for an injury or damage sustained upon a way laid out and established in the manner prescribed by statute until after an entry has been made for the purpose of constructing the way, or during the construction and repairing thereof, provided that the way shall have been closed, or other sufficient means taken to caution the public against entering thereon. No action shall be maintained under this section by a person the combined weight of whose carriage or vehicle and load exceeds six tons."

[5] Indeed the special protections granted by § 18 to the Commonwealth for the consequences of highway defects may not be easily justified by logic and fairness.

We conclude that by statute the Authority is liable for want of a sufficient railing. Were we to conclude otherwise, we would have to consider whether common law liability would be imposed in the circumstances on a governmental entity not protected by G. L. c. 258 or by any other statute. See *Spring v. Geriatric Auth. of Holyoke,* 394 Mass. 274, 284-285 (1985) (on common law principles, governmental entity not liable for intentional torts of its agents).

The Authority argues further that, even if it may be liable for negligence with respect to guardrails along the turnpike, summary judgment was properly entered in its favor because its negligence, if any, was not the sole cause of the plaintiff's injuries. Here the Authority relies on the principle that the Commonwealth, a county, or a municipality may be liable for a highway defect causing injury only if the governmental defendant's negligence was the sole cause of the injury. See *Tomasello* v. *Commonwealth,* 398 Mass. 284, 286 (1986), and cases cited. We conclude that the principle has no application to the Authority. Section 15 does not say that the Authority is liable for a highway defect to the extent another governmental unit would be liable. It states that the turnpike is to be treated as if it were a way within the meaning of certain sections of G. L. c. 84. One of these sections, G. L. c. 84, § 15, the only one concerned with the extent of liability, makes a distinction between a person obliged to repair a way and certain governmental entities (counties and municipalities) so obliged. Persons are not entitled to rely on the sole cause rule as the Commonwealth, counties, and municipalities may. The question here is whether we should place the Authority in the category of those governmental units or in the category of a person.

If the Legislature had intended the Authority's liability to be coextensive with that of the Commonwealth, a county, a city, or a town, it could have said so. Logic would favor the abandonment of the sole cause rule in the Commonwealth (at least in cases in which the other party at fault is the plaintiff or in which the other party at fault, if a defendant, is judgment proof). As we noted in the *Tomasello* case, *supra* at 287, how-

ever, the Legislature accepted and preserved the sole cause rule in exempting defect-in-the-way statutes from the tort claims act. On the other hand, we see no logic in extending the sole cause rule from governmental units dependent on taxation for their revenue to a "person" such as the Authority, an entity not dependent on the public purse and capable of raising its own revenue from users of the turnpike. The better rule is that the Authority should be obliged, on the application of general tort principles, to compensate travelers on the turnpike for injuries caused by its negligence, using revenues raised from turnpike users generally. The Authority is in an excellent position to spread the risk among the users of the turnpike.

The judgment for the Authority is reversed, and the order allowing the Authority's motion for summary judgment is vacated.

*So ordered.*