Hershfang, J.
This is a case in which the almost obvious appears to have been overlooked. But first the context.
The critical facts in this case are not in dispute. From the report[3] and the trial court's findings, we know the following:
On November4,1985,respondingto acomplaintaboutawaterleak, an employee of the Boston Water and Sewer Commission (“Commission”) found one of its water mains wasleaking onto WashingtonStreetnearwhereitintersectsDimmockStreet in the Roxbury section of Boston. The Commission was responsiblefor maintaining the leaking water main but it failed to make repairs. For the following month, depending on the weather, water, ice or slush resulted.
On December 3, 1985 Sandra Townley was driving an MBTA bus back to its garage. On Washington Street near Dimmock Street a sheet of ice extended toward her for from 25 to 50 feet. An automobile operated by a Christopher Williams was heading in the opposite direction. The area was marked with a 30 mph speed limit; Williams was operating at between 50-55 mph. The ^Williams vehicle skidded on the ice, crossed the center line of Washington Street, smashed into the MBTA bus, caused it to collide with a steel upright which supported the overhead rapid transit train tracks and caused injury to Ms. Townley. Within an horn of the accident, at the request of an employee of the Commission, the City of Boston sanded the ice patch. Within two days of the incident, the Commission repaired the leak. Ms. Townley filed suit in the Superior Court against Williams and later added the Commission as a party defendant Her husband, Jay Townley, sued for loss of consortium.
After remand, the case was tried and Williams and the Commission were each found to be 50 percent responsible in causing Ms. Townley's injuries. The claims against Williams had been settled prior to that trial. Despite the finding of negligence against the Commission, the trial court entered judgment for the Commission because “the negligence of the [Commission] was not the sole cause of the accident in which the plaintiff was injured.”
The basis of the judgment for the defendant Commission is set forth in the findings of the trial judge as follows:
“The court finds that the defendant [Commission] knew of the leak in its water system that created the icy condition in the highway and failed to repair the leak in a reasonable period of time. However, the negligence of the [Commission] was not the sole cause of the accident in which the plaintiff was injured.”
The plaintiffs claimed to be aggrieved by the trial court's rulings that the plaintiffs *2 were barred from recovery because the alleged defect was not the sole cause of their injuries and that the sole cause nde is applicable to the Commission. Those rulings were reported to the Appellate Division.[4]
The Commission essentially relies, as apparently did the trial judge, on Farrell v. Boston Water and Sewer Commission, 24 Mass. App. Ct. 583 (1987). There, Mrs. Farrell from out-of-state was seriously injured in afall on a Back Bay sidewalk which had a 2" to 4" height difference between two sections. The lower was owned by the City of Boston and the higher, a headstone, had been granted by the legislature about two years earlier from the City of Boston to the Boston Water and Sewer Commission. Both the City and the Commission were found negligent, the City 70 percent and the Commission 30 percent The Appeals Court reversed judgment againstthe Commission, taking particular note of the “sole cause” limitation in G.L. c. 84, § 15.[5] Farrell, op. cit. at p.. 588.
Not so, plaintiffs counter. Their claims don't arise under G.L.C. 84, but under common law negligence. Plaintiffs focus on whatthey view as the underlying cause of tiie accident, the Commission's negligence in failing after inspection to repair a water leak for the several weeks prior to the accident. They point to Hand v. Brookline, 164 Mass. 324 (1879) in which a traveller in awagonupon ahighway was injured when his horse broke through the surface due to neglect in the construction of a water pipe. The existence of the antecedent to G.L.c. 84 “does not affect the common-law liability of owners of aqueducts for damages caused by negligence in their construction.” Id. at 325. Plaintiffs also ask us to apply to the Boston Water & Sewer Commission, which is supported by water fees, the logic of Karlin v. Massachusetts Turnpike Authority, 399 Mass. 765 (1987). The Turnpike Authority was found in Karlin not entitled to governmental or sovereign immunity where the motor vehicle plaintiff was driving left the paved area, struck a guardrail and went down an embankment, seriously injuring her. “As an independent entity, supported by its own nontax sources and without the Commonwealth's credit pledged on its behalf, the Authority's circumstances do not present the need for the protection of public funds which underlay the reason for governmental immunity.” Id. at pp. 767, 768. Karlin also denies the Turnpike Authority “sole cause” protection. Id. at 769, 770.
As we see it, we need not reach the question whether the rationale of Hand v. Brookline, op. cit. survives Farrell v. Boston Water & Sewer Commission, op. cit. For both parties here appear to have overlooked the absence of what we consider the sine qua non for the applicability of G.L c. 84, § 15. Because the case has proceeded with that oversight through trial and appeal, it may be helpful to step back and explore the overlooked detail.
It is clear, as the Commission here contends, that anything “in the state or condition of the highway which renders it unsafe or inconvenient for ordinary travel” may be considered “a ‘defect or ‘want of repair’ in the highway” subject to G.L.c. 84, §15. Whittaker v. Brookline, 318 Mass. 19, 25 (1945). Even the town's negligent failure to erect a needed stop sign was held to be within the statute's ambit Trioli v. Sudbury, 15 Mass. App. Ct. 394, 397 (1981).
It does not follow, however, that every act of negligence by a city or town which results in a claim of injury or damage occurring on a public way is subject to or limited by G.L.c. 84, § 15. As noted, the law is clearly designed to have the responsible municipality “keep the ways reasonably safe and convenient for travell-ers.” Whalen v. Worcester Electric Light Co., 307 Mass. 169, 174 (1940). The statute likewise is directed to the City, town or person “bv law obliged to repair the fpublic *3 wavl” G.L.c. 84, § 15 (emphasis added).[6] No wonder, then, that in each of the cases the parties cite, as in Farrell, the governmental body sought to be held responsible under, or which sought the protection of, the provisions of G.Lc. 84, sec. § was “by law obliged to repair” the roadway involved. In other words, G.L. c. 84, § 15 may be invoked only if the public way involved is the governmental agency's responsibility to maintain. Himelfarb v. Brookline, 19 Mass. App. Ct. 980 (1985). To same effect, see Sloper v. Quincy, 301 Mass. 20, 23 (1939) and Valade v. City of Springfield, 7 Mass. App. Ct. 13 (1979).
Here, Washington and Dimmock Streets in Boston where the incident occurred were obviously the City of Boston's responsibility to maintain. That's why the Commission called the City of Boston right after the collision to make the location safer, which it did within an horn: by sanding. Clearly, the City of Boston, under the circumstances, was subject to G.Lc. 84, § 15. Thus, the City of Boston faced the claims under and was subject to the benefits of G.L.c. 84, § 15, (including the “sole cause” defense which manifestly would have insulated itfrom liability here.) On the other hand, there is no evidence that the Commission had any roadway maintanance responsibility here. It was, in essence, a stranger to Washington St Its negligent failure to stanch the leak (which it was able to and did correct within two days following the accident) thus is simply not within that statutory framework. G.L.c. 84, § 15, does notapply to protect the Commission just because its negligence created a risk on apublic way which resulted in injury. Himelfarb, Sloper and Valade, op. cit.
Since G.L.C. 84, § 15 does not apply, its notice provision, G.Lc. 84, § 18,[7] has no application either. Sloper v. Quincy, op. cit.
The Commission may thus not invoke G.Lc. 84; it remains responsible for its negligence.
The report is allowed. The case is remanded to the trial judge for a determination and assessment of damages.
APPENDIX "A”
G.L.c. 84, § 15:
“If a person sustains bodily injury or damage in his property by reason of a defect or a want of repair or a want of a sufficient railing in or upon a way,and such injury or damage might have been prevented, or such defect or want of repair or want of railing might have been remedied by reasonable care and diligence on the part of the county, city, town or person by law obliged to repair the same, he may, if such county, city, town or person had or, by the exercise of proper care and diligence, might have had reasonable notice of the defect or want of repair or want of a sufficient railing, recover damages therefor from such county, city, town or person; but he shall not recover from a county, city or town more than one fifth of one per cent of its state valuation last preceding the commencement of the action nor more than five thousand dollars; nor shall a county, city or town be liable for an injury or damage sustained upon a way laid out and established in the manner prescribed by statute until after an entry has been made for the purpose of constructing the way, or during the construction and repairing thereof, provided that the way shall have been closed, or other sufficient means taken to caution the public against entering thereon. No action shall be maintained under this section by a person the combined weight of whose carriage or vehicle and load exceeds six tons.”

 “Draft Report” is the mislabeled tide of the form used here. Of course, once allowed the report is no longer a draft and should be designated as “Report”

 In considering this appeal, we may have side-stepped a procedural hurdle. The only requests for rulings here were filed by the Commission. However, as noted, the legal basis of the trial court's judgment is expressly and clearly set forth. In any event, no question has been raised here about appellants' standing, and especially since a jury claim having been timely filed the case is subject to retransfer to the Superior Court, we proceed to fee substance of their contention.

 The text of G.L.C. 84, § 15 is set forth in the appendix hereto.

 G.Lc. 84, sec. 1 requires that public ways “... shall be kept in repair at the expense of the town in which they are situated so they may be reasonably safe and convenient for travelers.” (emphasis added).
G.L.c. 84, sec. 18 likewise requires the thirty day written notice of claim be “give[n] to the county, city, town or person bv law obliged to keep said wav in repair.” (emphasis added).

 See footnote, 4, above.