## MOSES PERKINS *vs.* CITY OF LAWRENCE.

Essex. Nov. 8, 1883. — Jan. 29, 1884. W. ALLEN & HOLMES, JJ., absent.

The St. of 1872, *c.* 79, authorized a city to take certain water, and land for the construction of such works as might be necessary therefor, and also "for laying and maintaining aqueducts or pipes." The act further provided a remedy for damages sustained by any person by the taking of any land or water, or by the construction of water-works or the laying of pipes. *Held,* that this statute did not prevent a person whose house was injured by the negligence of the servants of the city, in laying a pipe from the main pipe in the street to the house, from maintaining an action of tort for such injury.

TORT for damages caused to the plaintiff's estate, by the negligence of the servants of the defendant city, in excavating for and laying water pipes. Trial in the Superior Court, without a jury, before *Staples,* J., who allowed a bill of exceptions, in substance as follows:

The plaintiff, in opening his case, stated that he relied upon the following facts:

By the St. of 1872, *c.* 79, the defendant city was authorized to supply itself with water. Under this statute, the defendant laid distributing pipes through its streets, and from such pipes smaller service pipes were laid by the defendant to the residences of individuals, under an ordinance of the city providing therefor. The plaintiff, shortly after the laying of the main pipe in the street where he resided, applied under the ordinance for a service pipe to be laid from the main street pipe through his premises into his house, which was located near the street line. Thereupon the servants of the defendant made excavations, and laid the service pipe under the plaintiff's stone and iron fence, which was on the line of the street, and from the fence under the foundation wall of the plaintiff's house. The injury complained of was the settling and twisting of the fence and cellar wall, caused by the negligence of the defendant's servants in undermining the same while digging for and laying the service pipe. The plaintiff paid for all the expense of laying the service pipe beyond the street line, as provided in the ordinance. The plaintiff's premises, through which the service pipe was laid, were never taken by purchase or otherwise under the provisions of the statute, nor claimed nor used in any other

manner than as above stated. After the laying of· the service pipe, the plaintiff paid the defendant the established rates for the use of the water thus conveyed to him.

The defendant asked the judge to rule that, upon the above facts, this action could not be maintained, because the plaintiff's remedy was under the provisions of the St. of 1872, c. 79, and was exclusive.*

The judge so ruled; and ordered judgment for the defendant. The plaintiff alleged exceptions.

*J. C. Sanborn,* for the plaintiff.

*E. T. Burley,* for the defendant.

C. ALLEN, J. The plaintiff in his opening, as well as in his declaration, stated that the injury of which he complains was caused by the negligence of the defendant's servants, and so brought his case directly within the authority of *Hand* v. *Brookline,* 126 Mass. 324, where the town was held liable for an injury to the plaintiff's property, through neglect in the construction of water-works which the town had been authorized by

---

* Section 1 of this act authorizes the city of Lawrence to take, hold, and convey into and through said city from the Merrimack River sufficient water for the use of said city and the inhabitants thereof, and also to take land for sinking wells in order to obtain water by filtration or percolation, and for the construction of such works as may be necessary therefor; as also for laying and maintaining aqueducts or pipes, constructing and maintaining reservoirs, and such other works as may be deemed necessary for conveying, distributing, or disposing of said water.

Section 3 provides that the city, among other things, "may distribute the water throughout the city, and for this purpose may lay down pipes to any house or building in said city, the owner or owners thereof having notice, and not objecting thereto," and "may regulate the use of said water within the city, and establish, receive, and collect the rents to be paid therefor."

Section 6 provides for the appointment of water commissioners.

Section 10 is as follows: "Said city shall be liable to pay all damages sustained by any persons or corporations by the taking of any lands or water, water rights, franchises, or property, or by the sinking of wells or making of excavations, the constructing of aqueducts, reservoirs, or water-works, or the laying of pipes, or by repairing the same, or in any other way sustained in carrying into effect the provisions of this act. If any person or corporation sustaining damage as aforesaid cannot agree with said commissioners upon the amount of said damages, he may have them assessed and paid in the same manner as is provided by law with respect to land taken for highways."

a special statute, voluntarily accepted, to construct and to re-
ceive profits from; and the case is distinguishable from one
where the work was executed in a reasonably proper and skilful
manner, as in *Hull* v. *Westfield*, 133 Mass. 433, in which case
the damage can be recovered only in the manner pointed out by
the statute. The St. of 1872, *c.* 79, under which the defendant
acted, resembled that involved in *Hand* v. *Brookline* in all the
particulars mentioned or material to be considered.

*Exceptions sustained.*