MARY A. LUCAS *vs.* CITY OF BOSTON.

Suffolk.     November 3, 1941. — April 1, 1943.

Present: FIELD, C.J., DONAHUE, QUA, DOLAN, & RONAN, JJ.

*Municipal Corporations,* Liability for tort, Highways. *Way,* Public: defect. *Negligence,* Meter cover.

A traveller injured by falling over a protruding water meter cover installed and maintained in a public sidewalk by a city as part of its commercial water system could not recover against the city at common law where the evidence showed no defect in the cover itself or in its installation but merely that the cover protruded because of failure to repair a washing away of the gravel of the sidewalk adjacent to the cover.

TORT.     Writ in the Superior Court dated June 27, 1939.
The action was tried before *Dowd* J., who ordered a verdict for the defendant. The plaintiff alleged exceptions.

*M. H. Tobin*, for the plaintiff.

*K. Hern*, Assistant Corporation Counsel, (*J. W. Kelleher*, Special Assistant Corporation Counsel, with him,) for the defendant.

DONAHUE, J. As the plaintiff was walking along a gravel sidewalk on a street in the city of Boston, her foot struck against a corner of a "water meter cover" and she fell and was injured. The cover, which was two feet long and one foot wide, was in the center of the sidewalk. The sidewalk was six feet wide, and there was no curbing. "One corner of the cover protruded three inches above the surrounding sidewalk. This corner was raised about three inches from the ground, where the ground had been washed away." This condition was "half way across the width of the cover, and half way along the length of the cover forming a sort of 'V' 3 inches deep underneath the corner. This condition was in existence for four months before the accident." No contention was made based on the street not being a public way. The defendant admitted at the trial that the meter cover was installed and maintained by, and under the control of, the water department of the city as a part of a water system operated by it as a commercial enterprise. The plaintiff's bill of exceptions states that there was evidence tending to prove the facts above stated, and that this was all the material evidence relative to the issues raised. At the close of the plaintiff's evidence a judge in the Superior Court, on motion of the defendant, directed a verdict in its favor.

The plaintiff does not here seek to recover damages from the defendant under the statute (G. L. [Ter. Ed.] c. 84, §§ 15, 18) which imposes on a municipality liability for injury or damage sustained by a traveller by reason of a defect or want of repair in a public highway, if a person so injured or damaged gives to the municipality, within a stated period, notice of the time, place and cause of such injury or damage. It does not appear that the plaintiff in this case gave such a notice. *King* v. *Boston*, 300 Mass. 377, 380.

The plaintiff has brought an action at common law. She

contends that since the defendant city through its water department operated an enterprise commercial in character, it was here liable at common law for the injuries received by her. There is, however, nothing in the record to indicate that the meter cover in question was not a proper one, or was not, originally, properly installed by the water department, or that, at the time of the plaintiff's fall, the cover was not in the same condition and in the same position it was in at the time of its installation. The plaintiff makes no contention to the contrary. Her declaration alleges, and her contention now is, that the condition of the sidewalk which caused her injury was due to the failure of employees of the water department to maintain in proper condition the gravel sidewalk adjacent to the meter cover.

A cause of action at common law, in such a case as this, is not based on the failure of a municipality to perform its statutory duty to keep its highways in repair. G. L. (Ter. Ed.) c. 84, §§ 1, 15, 18. *Seltzer* v. *Amesbury & Salisbury Gas Co.* 188 Mass. 242, 244. The liability of the defendant city at common law was for "neglect in the construction of works" commercial in character, and undertaken for a profit. The "ground of action is not the defect in the road, but the defect in the water-works." *Hand* v. *Brookline*, 126 Mass. 324, 325, 326. *Fisher* v. *Cushing*, 134 Mass. 374, 375. *Perkins* v. *Lawrence*, 136 Mass. 305. *Sloper* v. *Quincy*, 301 Mass. 20, 24. Compare *Galluzzi* v. *Beverly*, 309 Mass. 135, 137. A finding was not warranted that there was any defect in the "water-works." There was evidence warranting a finding that the cause of the plaintiff's injury was the neglect of the city to keep the sidewalk, including the portion adjacent to the meter cover, in repair as required by the statute, but a recovery on that ground could not be had in an action at common law.

*Exceptions overruled.*