GAIL ROGERS *vs.* METROPOLITAN DISTRICT COMMISSION.

Middlesex. June 8, 1984. — June 29, 1984.

Present: GREANEY, C.J., ROSE, & KASS, JJ.

*Metropolitan District Commission. Massachusetts Tort Claims Act. Statute,*
    Construction.

Language in G. L. c. 92, § 36, providing that the Commonwealth would not
    be liable for injuries sustained because of a defect in a sidewalk main-
    tained by the Metropolitan District Commission, was repealed by the
    enactment of the Massachusetts Tort Claims Act, G. L. c. 258, inserted
    by St. 1978, c. 512, § 15. [338-340]
Where language in the Massachusetts Tort Claims Act, G. L. c. 258, which
    had the effect of repealing provisions of G. L. c. 92, § 36, was unam-
    biguous, it was held that the amendment of the Act by St. 1983, c. 392,
    to include reference to c. 92, § 36, as not being repealed by the Act
    would not be given retroactive application in an action to recover for
    injuries sustained before the amendment on a sidewalk maintained by
    the Metropolitan District Commission. [340]

CIVIL ACTION commenced in the Superior Court on April
5, 1978.

A motion for judgment on the pleadings was heard by *Por-
ada,* J., and the case was tried before *Mulligan,* J.

*Vincent L. DiCianni,* Assistant Attorney General, for the
defendant.

*Eugene F. Grant* for the plaintiff.

*Philip M. Weinberg,* for Sue Ann Roberts, amicus curiae,
submitted a brief.

KASS, J. In her complaint, the plaintiff alleges that she fell
and was hurt because of a defect in a sidewalk maintained by
the Metropolitan District Commission (MDC) along Revere
Beach Parkway. The MDC moved for judgment on the plead-
ings (Mass.R.Civ.P. 12[c], 365 Mass. 756 [1974]), on the
ground that G. L. c. 92, § 36, immunizes the Commonwealth

from liability for injury sustained upon a sidewalk under the jurisdiction of the MDC. A judge of the Superior Court concluded that St. 1978, c. 512, § 18, had impliedly repealed G. L. c. 92, § 36, and had subjected the MDC to suit under G. L. c. 258 (the Massachusetts Tort Claims Act), inserted by St. 1978, c. 512, § 15. Accordingly, the judge denied the motion. The case went to trial before a jury, which brought in a verdict for the plaintiff. After giving effect to comparative negligence as found by the jury, a judgment was entered for the plaintiff in the amount of $1,375.

Section 18 of St. 1978, c. 512 (the "construction clause"), provided that, "The provisions of this act shall be construed liberally for the accomplishment of the purposes thereof but shall not be construed to supersede or repeal section eighteen of chapter eighty-one and sections fifteen to twenty-five, inclusive, of chapter eighty-four of the General Laws. *Any other provision of law inconsistent with any other provisions of this chapter shall not apply*" (emphasis supplied). General Laws c. 81, § 18, the first mentioned of the several provisions rescued from repeal, renders the Commonwealth immune from suit for fall-down incidents on the sidewalk of any State highway. Section 18 parallels very closely the language in G. L. c. 92, § 36, which exculpates the MDC from liability on sidewalk cases. Indeed, as the Attorney General's brief informs us, the most recent amendment to § 36 (St. 1923, c. 230, which inserted the current text of § 36) was entitled "An Act making uniform the law relative to liability for defects in metropolitan boulevards and in state highways."

We have no difficulty, therefore, in agreeing with the Commonwealth that common context and common sense would induce a reader of the construction clause to conclude that the omission of the MDC from the savings provision was an oversight. The plaintiff has not advanced a persuasive argument to the contrary. Having progressed that far, however, we must face up to what *does* appear in the construction clause. It tells us first that "[t]he provisions of this act [i.e., the Massachusetts Tort Claims Act] shall be construed liberally for the accomplishment" of their purposes. The principal purpose is the abolition of sov-

ereign immunity and the crazy quilt of exceptions to sovereign immunity (see *Morash & Sons* v. *Commonwealth,* 363 Mass. 612, 620-623 [1973]; *Miles Plumbing & Heating Co.* v. *Brockton,* 17 Mass. App. Ct. 33, 35-37 [1983]) which courts have stitched together. Then, after saving a limited number of statutory provisions from oblivion,[1] the construction clause contains the sentence which we have italicized. It provides expressly that any inconsistent statutory provision not mentioned in the savings clause shall not apply. There is, therefore, not an implied repeal of the MDC immunity from sidewalk cases contained in G. L. c. 92, § 36, but an express repeal, except that the repealing phrase does not mention § 36, but functions, instead, as a general repealer.

Mistake though it may have been, the omission of the MDC from the savings provision of the construction clause is unambiguous.[2] When statutory language is plain and unambiguous, it is not a court's function to make repairs in the "faulty" text on the basis of legislative history and presumed legislative intent. *Bronstein* v. *Prudential Ins. Co. of America,* 390 Mass. 701, 704 (1984). *Edgartown* v. *State Ethics Commn.,* 391 Mass. 83, 86-89 (1984). "[I]f the omission was intentional, no court can supply it. If the omission was due to inadvertence, an attempt to supply it . . . would be tantamount to adding to a statute a meaning not intended by the Legislature." *Cranberry Realty & Mortgage Co.* v. *Ackerley Communications, Inc.,* 17 Mass. App. Ct. 255, 257 (1983), quoting language which originally appeared in *Mitchell* v. *Mitchell,* 312 Mass. 154, 161 (1942). Contrast *Pereira* v. *New England LNG Co.,* 364

---

[1] In addition to G. L. c. 81, § 18, the savings provision excluded from repeal G. L. c. 84, §§ 15 to 25, inclusive. Those deal with recovery for damages attributable to injury arising out of defects in public ways — with no sidewalk exception — under the jurisdiction of a county, city, town, or "person obliged by law to repair the same." Section 15 imposes a limit of liability of $5,000. See *Trioli* v. *Sudbury,* 15 Mass. App. Ct. 394, 396 (1983).

[2] We hasten to add that if the omission of G. L. c. 92, § 36, from the construction clause was an error it was an entirely understandable one. It is no easy matter when drafting a statute to keep in mind all the exceptions which might be desirable.

Mass. 109, 115 (1973); *School Comm. of Greenfield* v. *Green-field Educ. Assn.,* 385 Mass. 70, 79-80 (1982); *Tedford* v. *Massachusetts Housing Fin. Agency,* 390 Mass. 688, 696 (1984).

At this point in the opinion it would usually be appropriate to intone that the Legislature is capable of amending the construction clause of the Massachusetts Tort Claims Act if it wishes so to do. Indeed, it has done just that. By St. 1983, c. 392, the first sentence of the construction clause was amended to include a reference to G. L. c. 92, § 36, in the savings provision. The measure was entitled, "An Act clarifying the protection extended to public bodies against suits for injuries relating to defects in boulevards under their jurisdiction." The verb "clarifying" presupposes an ambiguity not present in the statutory material before us. Absent an ambiguity, we do not take the title of the 1983 act as an aid to reading the 1978 act. Contrast *Brown* v. *Robinson,* 275 Mass. 55, 57 (1931). Nor will we take the 1983 amendment as a basis for reaching back to 1978 to fill in an omission on the hunch that it was unintentional. *Cranberry Realty & Mortgage Co.* v. *Ackerley Communications, Inc.,* 17 Mass. App. Ct. at 257. The Commonwealth's argument that we should give the 1983 act retroactive application is contrary to the general rule that legislation is to have prospective application, particularly when substantive rights are thereby taken away. *Hill* v. *Duncan,* 110 Mass. 238, 240 (1872). *Goes* v. *Feldman,* 8 Mass. App. Ct. 84, 87-90 (1979).

The MDC has raised no issue as to the propriety of notice in this case under G. L. c. 258.

*Judgment affirmed.*