JOSEPH HIMELFARB vs. TOWN OF BROOKLINE. February 26, 1985. *Municipal Corporations,* Liability for tort. *Way,* Public: defect.

The plaintiff appeals from a summary judgment entered on his complaint against the town in which he alleged that he suffered injuries when he fell on a negligently maintained sidewalk on Boylston Street, also known as Route 9. He claimed that his fall was caused by a defect in the sidewalk described as a "portion of the concrete sidewalk which is raised approximately 1½ inches above the abutting concrete slab, for a width of approximately two feet along the abutting section of the sidewalk." The town asserted in its answer and motion for summary judgment that it had no duty to maintain the sidewalk. We affirm.

1. Affidavits and exhibits submitted by the town on its motion showed that the street on which the accident occurred had been taken by eminent domain in 1934 on behalf of the Commonwealth by the Department of Public Works (department), that the town did not construct the sidewalk, and that at the time of the taking the department "laid out and took charge of as a State highway said Boylston Street (Route 9)."

The plaintiff neither controverted nor objected to any of the factual matters set out by the town in its affidavits, exhibits, and answers to interrogatories, all of which were relied upon by the trial judge in ruling on the motion. See *Stetson* v. *Selectmen of Carlisle,* 369 Mass. 755, 763 & n.12 (1976). The only question thus raised by this appeal is one of law, that is, whether the town had a duty to maintain the sidewalk constructed by the department along a State highway.

2. "The exclusive remedy for a claim of personal injury or property damage against governmental entities responsible for defects in a way is G. L. c. 84, § 15," *Huff* v. *Holyoke,* 386 Mass. 582, 585 (1982), even where the injury occurs on a sidewalk or on some other part of the way. See *Hurlburt* v. *Great Barrington,* 300 Mass. 524 (1938), where the plaintiff was injured on a sidewalk along a street laid out as a public way. Section 15, by its terms, is available to the plaintiff only if the town was "by law obliged to repair" the way. See *Catania* v. *Barnstable,* 3 Mass. App. Ct. 321, 324 n.2 (1975); *Rogers* v. *Metropolitan Dist. Commn.,* 18 Mass. App. Ct. 337, 339 n.1 (1984).

Whether the town had such an obligation turns on G. L. c. 84, § 1, as appearing in St. 1974, c. 601, which reads in relevant part: "Highways and town ways . . . shall be kept in repair at the expense of the town in which they are situated so that they may be reasonably safe and convenient for travelers." As used in § 1, the word "highways" has not been read to include State highways, whose maintenance and repair is the department's responsibility under G. L. c. 81, § 13. See *Sloper* v. *Quincy,* 301 Mass. 20, 23 (1938).

Because the plaintiff reads c. 81 (specifically § 18, but see § 13) as expressly exempting the Commonwealth from liability for injuries arising out of defects in sidewalks, he proposes that we fashion a rule which would

make cities and towns responsible for maintaining all the sidewalks within their boundaries irrespective of whether the sidewalks were constructed by the city or town or by the department. It is not our function or right to create such a rule. See *Rogers* v. *Metropolitan Dist. Commn.*, 18 Mass. App. Ct. at 339, and cases therein cited. Moreover, it may well be that under G. L. c. 81, §§ 13 and 20, the department is responsible for the sidewalks it constructs along State highways, see Rep. A.G., Pub. Doc. No. 12, at 108 (1938), and that, under G. L. c. 81 § 20, c. 83, § 25, and c. 84, § 15, cities and towns are responsible for those that they so build. We need not, however, consider the point, which is unnecessary to the result we reach. The plaintiff did not dispute that the town did not construct the sidewalk upon which he fell nor that the sidewalk is on a State highway.

*Judgment affirmed.*

The case was submitted on briefs.

*Theodore J. Dennis* for the plaintiff.

*Sara Holmes Wilson, David Lee Turner* & *Cathleen Cavell* for the defendant.