EILEEN J. FARRELL & another[1] *vs.* BOSTON WATER AND SEWER
COMMISSION; CITY OF BOSTON, third-party defendant.[2]

Suffolk.    June 11, 1987. — August 4, 1987.

Present: ARMSTRONG, PERRETTA, & FINE, JJ.

*Boston Water and Sewer Commission. Massachusetts Tort Claims Act.
Municipal Corporations,* Liability for tort, Notice to municipality. *Neg-
ligence,* Municipality. *Way,* Public: defect. *Notice,* Timeliness. *Practice,
Civil,* Complaint.

A municipal water and sewer commission was, within the meaning of G. L.
c. 84, § 15, a "person by law obliged to repair" a certain portion of a
sidewalk in Boston, and the failure of a plaintiff, who had suffered
injuries as a result of a defect on that way, to give to the commission
timely written notice pursuant to G. L. c. 84, § 18, barred her cause of
action to recover damages under that statute. [588-589]
No common law theory of liability on the basis that a municipal water and
sewer commission was negligently conducting a commercial enterprise
could avail a plaintiff injured by a defect in a sidewalk that the commis-
sion was obliged to inspect and keep in repair, where the exclusive
remedy for negligence in street maintenance is under G. L. c. 84.
[590]
In a negligence action seeking damages for injuries caused by a defect in
a sidewalk, a municipal water and sewer commission did not waive the
notice requirement under G. L. c. 84, § 18, by its failure to raise the
issue of lack of notice in its answer to the complaint, where the plaintiff
had not alleged, as is required, that the statutory notice had been given
and where the issue of notice was, in any event, tried by implied consent.
[590-591]

---

[1] Eugene Farrell.

[2] The commission filed a third-party complaint against the city of Boston
which was decided in favor of the city on its motion for directed verdict.
The commission appealed from the judgment entered in favor of the city
on the third-party complaint. Because we reverse the judgment ordering
the commission to pay damages to the Farrells, we need not reach the issues
raised by the commission in its appeal from the judgment in favor of the city.

CIVIL ACTION commenced in the Superior Court Department on September 27, 1982.

The case was tried before *Elbert Tuttle,* J.

*Harry T. Daniels* for Boston Water and Sewer Commission.

*Mary Jane Morgen (Camilla B. Duffy* with her) for the plaintiffs.

*Henry C. Luthin,* Assistant Corporation Counsel, for the city of Boston.

FINE, J. On October 4, 1979, Eileen J. Farrell and her husband, visiting Boston from Illinois, were taking an early evening stroll in the Back Bay. When they were on the sidewalk at the northwest corner of Boylston and Exeter Streets, Mrs. Farrell tripped and fell, sustaining bodily injuries. What caused her to trip was a two-to-four inch difference in elevation between the surfaces on two adjacent parts of the sidewalk. The part of the sidewalk with the lower elevation was owned by the city of Boston. The part of the sidewalk with the higher surface was a headstone, a fifteen hundred pound, smooth, wedge-shaped granite slab which covered a storm sewer catch basin and which had, in the middle of it, a round metal cover. At the time of the accident, the headstone was owned by the Boston Water and Sewer Commission (commission).

Within thirty days of the accident, Mrs. Farrell gave notice of her injuries to the city of Boston. She then brought an action against the city under G. L. c. 84, § 15,[3] as amended by St. 1965, c. 214, alleging that she had fallen and injured herself as a result of a defect in a way and that she had given the city

---

[3] General Laws c. 84, § 15, provides:

"If a person sustains bodily injury or damage in his property by reason of a defect or a want of repair or a want of a sufficient railing in or upon a way, and such injury or damage might have been prevented, or such defect or want of repair or want of railing might have been remedied by reasonable care and diligence on the part of the county, city, town or person by law obliged to repair the same, he may, if such county, city, town or person had or, by the exercise of proper care and diligence, might have had reasonable notice of the defect or want of repair or want of a sufficient railing, recover damages therefor from such county, city, town or person; but he shall not recover from a county, city or town more than one fifth of one per cent of its state valuation last preceding the commencement of the action nor more than five thousand dollars . . ."

timely written notice of her injuries in accordance with G. L. c. 84, § 18,[4] as amended through St. 1979, c. 163, § 1. Mrs. Farrell and her husband later brought an action against the commission, alleging that Mrs. Farrell's fall was on a public way and that the commission, which owned the headstone, was negligent in failing to maintain the portion of the sidewalk which was comprised of the headstone. The complaint against the commission, seeking damages in the amount of $100,000 each for Mrs. Farrell and for her husband, who claimed loss of consortium, makes reference to G. L. c. 258, the Massachusetts Tort Claims Act.[5] The Farrells did not allege in their complaint that they had given any written notice to the commission, and the commission in its answer made no reference to the failure to give such notice.

The cases against the city and the commission were consolidated for trial.[6] The jury were shown photographs of the scene and heard testimony from the Farrells and employees of the

---

[4] General Laws c. 84, § 18, provides:

"A person so injured shall, within thirty days thereafter, give to the county, city, town or person by law obliged to keep said way in repair, notice of the name and place of residence of the person injured, and the time, place and cause of said injury or damage; and if the said county, city, town or person does not pay the amount thereof, he may recover the same in an action of tort if brought within three years after the date of such injury or damage. Such notice shall not be invalid or insufficient solely by reason of any inaccuracy in stating the name or place of residence of the person injured, or the time, place or cause of the injury, if it is shown that there was no intention to mislead and that the party entitled to notice was not in fact misled thereby . . . ."

[5] After the complaint against the commission was filed, but before trial, this court held that the commission is not a "public employer" for purposes of the Massachusetts Tort Claims Act. *Kargman* v. *Boston Water & Sewer Comm.*, 18 Mass. App. Ct. 51 (1984). According to § 18 of St. 1978, c. 512, the enactment of the Massachusetts Tort Claims Act did not supersede or repeal G. L. c. 84. See *Gallant* v. *Worcester*, 383 Mass. 707, 711 (1981).

[6] The plaintiffs in the meantime had amended their consolidated complaint to include allegations of violations of G. L. c. 93A and G. L. c. 176D by both the commission and the Commercial Union Insurance Co. After trial, judgment entered dismissing those claims. No issue is raised on appeal concerning the validity of those dismissals.

city and the commission. The issue of the Farrells' failure to give timely written notice to the commission of Mrs. Farrell's injuries was raised several times during the course of the trial.[7] In answer to special questions, the jury found that Mrs. Farrell was not negligent, that both the city and the commission were causally negligent to the extent of seventy and thirty percent, respectively, and the $225,000 and $75,000, respectively, were the amounts necessary to compensate Mrs. Farrell for her injuries and her husband for his loss of consortium. The jury also found that no notice of Mrs. Farrell's injuries had been given in writing to the commission within thirty days of the accident. The judge entered judgment for Mrs. Farrell against the city in the amount of $5,000, the maximum amount for which the city could be held liable to a claimant under G. L. c. 84, § 15. There is no appeal from that judgment.

In the case against the commission, notwithstanding the finding by the jury that the Farrells failed to provide timely written notice to the commission, as required by G. L. c. 84, § 18, the judge entered judgment for the Farrells against the commission in the full amount of the verdict, $300,000. He ruled, in essence, that the plaintiffs could recover damages from the commission on a theory of common law negligence. We find merit in the commission's contention on appeal that the evidence does not justify a recovery by the Farrells against the commission on either a statutory or common law theory. We therefore reverse the judgment against the commission.

The plaintiffs' claims, made against a governmental entity for injuries resulting from a sidewalk defect, even if framed in other terms, are within the scope of G. L. c. 84, § 15. See *Gallant* v. *Worcester*, 383 Mass. 707, 710-711 (1981); *Trioli* v. *Sudbury*, 15 Mass. App. Ct. 394, 397 (1983). A defect, within G. L. c. 84, § 15, has been defined "as anything in the

---

[7] Immediately after the plaintiffs' opening statement the commission moved for a directed verdict, mentioning, among other things, lack of "notice". In cross-examination, Eugene Farrell was asked whether notice had been provided to the commission. The issue was raised again on the commission's motion for directed verdict. Notice was also the subject of jury instructions and a special question presented to the jury.

condition or state of the roadway which renders it unsafe or inconvenient for ordinary travel." *Huff* v. *Holyoke,* 386 Mass. 582, 584 (1982). The alleged defect, at the juncture between the headstone and the city sidewalk, was on a public way intended for use by pedestrians. A tripping hazard on such a way, if unreasonably dangerous[8], would fall within that definition of a defect. Thus, because of their essential nature, if not their express terms, the claims are within the general scope of G. L. c. 84. " 'The exclusive remedy for a claim of personal injury or property damage against governmental entities responsible for defects in a way is G. L. c. 84, § 15,' *Huff* v. *Holyoke,* 386 Mass. 582, 585 (1982)." *Himelfarb* v. *Brookline,* 19 Mass. App. Ct. 980 (1985). General Laws c. 84 provides "[a]n elaborate and comprehensive statutory system [that] has been established fully and completely dealing with the subject matter [of defects in ways]." *Whalen* v. *Worcester Elec. Light Co.,* 307 Mass. 169, 175 (1940). A person injured by reason of a defect on a way "[s]hall have no other remedy against [a governmental entity]." *Id.* at 174. See *Gallant* v. *Worcester,* 383 Mass. at 710-711; *Trioli* v. *Sudbury,* 15 Mass. App. Ct. at 396.

One of the ways in which G. L. c. 84 safeguards a governmental entity against which a claim is made is to require written notice within a designated time. The Farrells concede that such notice was not provided to the commission. They also apparently concede that unless the commission lost its right to rely on a lack of notice, their failure to provide notice would be fatal to any effort on their part to recover damages from the commission under G. L. c. 84.[9] The Farrells seek to

---

[8] "The duty imposed upon municipalities in reference to streets by the statute, G. L. (Ter. Ed.) c. 84, §§ 1, 15, is to exercise ordinary care and diligence to keep the public ways reasonably safe for the use of travellers, but this statutory duty is to be tested by the rule of reason. The presence of slight imperfections in the surface of the way, even if they cause an accident, is not a breach of the statutory duty. *Vellante* v. *Watertown,* 300 Mass. 207 [1938]. *Galante* v. *Brockton,* 305 Mass. 480 [1940]. *MacDonald* v. *Boston,* 318 Mass. 618 [1945]." *Buskey* v. *Worcester,* 323 Mass. 342, 344 (1948).

[9] They do not claim on appeal, as they might have, that to require separate notice within thirty days from an injured party to the commission was unfair since such a person would naturally assume the entire sidewalk to be owned

avoid the effect of their failure to give notice[10] to the commission by saying, first, that their claim is not one within G. L. c. 84, § 15, because the commission is not "a person by law obliged to repair" the way, and, second, that, in any event, the commission is subject to common law liability for its negligence because it was engaged at the time of the accident in a commercial venture. They also say that the commission waived any right it may have had to rely on the lack of notice.

1. *The Commission's Obligation to Repair the Sidewalk.*

Statute 1977, c. 436, §§ 1 and 3, created the commission as a body politic and corporate, and a political subdivision of the Commonwealth, to perform the essential public function of maintaining "a sound, economical and efficient water supply and distribution system and sanitary sewerage system." To that end, under § 5, "the water works system and sewerage works system" were transferred to "the ownership, custody and control of the commission. . . ." Section 2 of the statute defines "sewerage works system" to include ". . . all plants, works, instrumentalities, or parts thereof . . ." The headstone is a part of the works or instrumentalities and, thus, a part of the "sewerage works system." No one disputes that prior to the 1977 statute the city had the duty to repair the headstone if it should become unreasonably dangerous to passersby. Section 5 states that, "all . . . obligations of the city pertaining to . . . the sewerage works system . . . . shall be assumed by and imposed upon the commission . . ."[11] The obligation to repair the

---

by the city, to which timely notice *was* given. Care must be taken in such circumstances, however, to select the correct entity against whom to proceed. See, e.g., *Hurlburt* v. *Great Barrington,* 300 Mass. 524 (1938), and *Himelfarb* v. *Brookline,* 19 Mass. App. Ct. 980 (1985), in both of which the wrong party was sued. Here the appearance of the headstone might at least have raised some question as to the proper party to pursue.

[10] If G. L. c. 84 is applicable, the plaintiffs would also have to face the issue of a possible $5,000 limit on the liability of the commission. We need not decide in this case if there is such a limit on the commission's liability.

[11] That section provides further: "All orders, rules, regulations and ordinances duly promulgated by the city or the department of public works thereof pertaining to the . . . sewerage works system shall remain in full force and effect to the extent consistent with this act until superseded,

headstone, therefore, was transferred in 1977, to the commission, and the commission then became a "person by law obliged to repair" it.[12]

---

revised, or rescinded by the commission." See Ordinances of the City of Boston, tit. 11, c. 5, § 150, in effect since 1961, which provides: ". . . The Public Works Department [of the city] . . . shall have charge of and keep clean and in good condition and repair the streets, all sewer systems under the control of the city and the catch-basins in the streets connected with the sewers . . . ."

[12] At least on the facts of this case, we do not see how the Farrells' position is advanced by their contention that the commission is not "a person by law obliged to repair" the way at the site of the accident. If the commission did not acquire that duty by virtue of St. 1977, c. 436, then the duty with respect to this particular alleged defect would have remained exclusively with the city. There was ample basis for imposing the responsibility on the city. Assuming there was an actionable defect, it consisted of an alleged tripping hazard caused by the difference in elevation between the two adjacent slabs making up the sidewalk. It was equally true that the city's part was too low as that the commission's part was too high. The city was bound to act reasonably in maintaining its sidewalks. Inspection by the city would have revealed the defect, and the city could have repaired it, perhaps by raising the level of its part of the sidewalk. The Farrells, in fact, sued the city for the injuries caused by the defect and recovered damages to the full extent of the city's liability. An argument can be made that, by asserting that liability, they were affirming implicitly that the city's failure was the sole cause of Mrs. Farrell's injuries. "It is well-settled that a municipality may be liable for injuries resulting from a defect in a way only if the defect was the sole cause of the injuries; if either a plaintiff's negligent conduct or the wrongful conduct of a third person is also a cause of the injuries, that circumstance bars recovery against the municipality [citations omitted]." *Tomasello* v. *Commonwealth,* 398 Mass. 284, 286 (1986). Having sought to impose liability on the city for its failure to inspect the sidewalk and to repair it, and having succeeded in doing so, Mrs. Farrell may not impose on the commission a common law duty to inspect the identical location and to make the identical repairs as the city was obligated to make. Cf. *Hurlburt* v. *Great Barrington,* 300 Mass. 524 (1938), where it was held that two municipal bodies could not both be responsible for repair of the same portion of a sidewalk. The *Tomasello* and *Hurlburt* cases may not necessarily be controlling where the defect is an elevation difference between sections of pavement owned and controlled by two separate governmental entities. We need not decide this point.

2. *The Significance of the Commercial Nature of the Enterprise.*
Alternatively, the Farrells contend that the commission is liable for its negligence because of the nature of the particular activities in which it was engaged. They attempt to bring their claim within a line of cases, all preceding the enactment of the Massachusetts Tort Claims Act, holding that a governmental entity may be liable in an action at common law for injuries caused when it is operating a commercial enterprise. "A town is not acting in a governmental capacity in the construction of a sewer but is engaged in a commercial undertaking for its own benefit and profit. . . ." *Green* v. *West Springfield,* 323 Mass. 335, 336 (1948). See also *Markiewicus* v. *Methuen,* 300 Mass. 560, 565 (1938); *Galluzzi* v. *Beverly,* 309 Mass. 135, 138 (1941); *Lucas* v. *Boston,* 313 Mass. 495, 497 (1943); *Harvard Furniture Co.* v. *Cambridge,* 320 Mass. 227, 228-229 (1946); *Lobster Pot of Lowell, Inc.* v. *Lowell,* 333 Mass 31, 33 (1955); and *D'Urso* v. *Methuen,* 338 Mass. 73, 74 (1958). All of the relevant cases in which recovery was allowed, however, involved active negligence by a governmental entity in the construction of a sewer or water works or in the actual performance of specific maintenance activities. There was no evidence that the commission engaged in any conduct which caused the defect or resulted in the accident. The commission's negligence, if any, was the failure to inspect the sidewalk and to repair it. Where, as in this case, the alleged negligence is in street maintenance, the exclusive remedy is under G. L. c. 84. See *Lucas* v. *Boston,* 313 Mass. at 497. Compare *Galluzzi* v. *Beverly,* 309 Mass. at 137.

3. *The Contention that the Commission Waived the Issue of the Failure to Give Notice.*
We return to the question of the notice required by G. L. c. 84, § 18, and the contention that the commission lost the right to rely on the lack of notice by failing to raise the issue in its answer. A complaint alleging a right to damages under G. L. c. 84 must allege the giving of notice. "Not only is the giving of the statutory notice a condition precedent to the bringing of an action, it is also an essential ingredient indispensible to the existence of the cause of action [citations omitted]." *Paddock* v. *Brookline,* 347 Mass. 230, 231-232 (1964). See

*Trioli* v. *Sudbury,* 15 Mass. App. Ct. at 397. There was, however, neither a specific allegation in the complaint that the required notice had been given, nor a general averment of the performance of all conditions precedent. See Mass.R.Civ.P. 9(c), 365 Mass. 751 (1974). The commission, therefore, was under no obligation to deny the nonexistent averment. See *Vasys* v. *Metropolitan District Commn.,* 387 Mass. 51, 55 (1982). This was not a situation in which the failure to raise the issue in the answer could have lulled the plaintiffs into noncompliance with the notice requirement; the thirty-day period had expired long before even the filing of the complaint. Moreover, the issue of lack of notice was not lost, as it was tried by implied consent. See Mass.R.Civ.P. 15 (b), 365 Mass. 761 (1974); *Harrington-McGill* v. *Old Mother Hubbard Dog Food Co.,* 22 Mass. App. Ct. 966 (1986); *Jakobson* v. *Massachusetts Port Authy.,* 520 F.2d 810, 813 (1st Cir. 1975). Compare *National Medical Care, Inc.* v. *Zigelbaum,* 18 Mass. App. Ct. 570, 578-579 (1984).

Accordingly, the judgment for the plaintiffs against the commission is reversed, and the case is remanded for entry of judgment for the commission.

*So ordered.*