Hershfang, J.
This case concerns the applicability and effect of G.Lc. 84, §§ 1, 15 and 18[3] which establish and limit governmental liability for and require written notice of alleged defects in the public way. Plaintiffs have appealed the trial judge’s grant of defendant MBTA’s motion for summary judgment. For the reasons that follow we believe that the judge was correct
For the purposes of considering defendant MBTA’s motion for summary judgment, we view the facts from plaintiffs’ perspective. Foley v. Matulewicz, 17 Mass. App. Ct. 1004, 1005 (1984).
From the report we learn the following:
On July 1, 1978 Evelyn Baird, a pedestrian on the sidewalk of Cross Street, Somerville, Massachusetts, was injured when she tripped and fell on a stump of metal that protruded from the sidewalk, plaintiffs say about three inches. The stump was the remains of an MBTA bus stop sign that had been removed at least two months prior to that date. There was no evidence the M BTA participated in any way in that removal.[4] “[Bjoth parties agree that defendant MBTA was obligated to remedy the defective condition, and [that the MBTA] exercised direct control over the instrumentality which caused plaintiff’s injuries and that portion of the city where the instrumentality was located.”
On July 31,1978, pursuant to § 18, Mrs. Baird notified the City of Somerville of her injuries. No such notice was issued to the MBTA On July 10,1980, the Bairds filed suit against the City of Somerville and against the MBTA Their claims against the City are grounded in § 1, Somerville’s failure to maintain the sidewalk in good repair.[5] The Bairds, claims against the MBTA are framed on grounds of common law negligence, the MBTA’s alleged failure properly to inspect and maintain the sign post. The MBTA denied it was negligent, and also asserts that Mrs. Baird’s failure to have given it the written notice as required pursuant to § 18 was fatal to her *98 claim. After reconsidering an earlier denial of that motion, the trial judge vacated that denial and allowed summary judgment[6] In granting summary judgment because plaintiffs had not given written notice as required under § 18, the trial judge in relevant part said this:
[I]t seems apparent from the undisputed facts of record that the plaintiff is seeking to recover damages from the defendant MBTA for injuries resulting from a defective condition upon a public way.
In other words, the trial judge found plaintiffs’ claims against the MBTA were subject to G.Lc. 84 and its notice requirements. Plaintiffs’ failure to have given the required notice to the MBTA was thus fatal to plaintiffs’ MBTA claims. We agree.
When an injury on a public way is said to have been caused by the negligence of a governmental agency it is not always obvious whether the resulting claim is within or outside the ambit of G.Lc. 84. Indeed, appellants contend that the trial judge here was correct the first time when he denied the MBTA’s motion for summary judgment. On that occasion the trial judge noted that G.Lc. 84 does not preclude a claim of common law negligence simply because it arose on a public way.
In support of their view appellants cite Sloper v. City of Quincy, 301 Mass. 10 (1938) (earlier version of G.L c. 84 held “applicable only where the action is brought for failure to perform the duty imposed by law of keeping the way in repair”), and the more recent Himelfarb v. Brookline, 19 Mass. App. Ct. 980 (1985) (Town of Brookline not responsible for maintaining sidewalk on state highway). Moreover, this court had occasion recently to consider and support the same view in Townley v. Williams and Boston Water and Sewer Commission, BMC App. Div. 12/21/89 (Boston Water & Sewer Commission, aware that its water main was leaking from beneath Washington Street and onto that public way causing flooding, ice or slush, failed after notice to repair that condition. Held, the commission, not being “obliged by law to repair the public way,” could not invoke the requirements or limits of G.Lc. 84 to insulate itself from the trial judge's finding of its negligence).
How then can we determine whether a claim against a governmental agency because of what happened on a public way is or is not subject to the limits and notice requirements of G.Lc. 84?
We note, first, that the provisions of that chapter have been broadly interpreted as providing both a limited and an exclusive remedy on claims of personal injuries or property damage against governmental entities responsible for defects in the public ways. Whalen v. Worcester Electric Light Co., 307 Mass. 169, 174-175 (1940); Huff v. Holyoke, 386 Mass. 582, 585 (1982). Consistent with this reading of the statute’s broad reach, anything “in the state or condition of the highway which renders it unsafe and inconvenientfor ordinary travel” may be considered a “defect” or “want of repair” subject to § 15, Whittaker v. Brookline, 318 Mass. 19, 25 (1945). However, with this breadth come the statute’s limitations and notice requirements. Thus, for example, even the town’s negligent failure to erect a needed sign at an intersection was held tobe within the statute’s ambit, and failure to have given the notice required by § 18 was held fatal to plaintiffs claim. Trioli v. Sudbury, 15 Mass. App. Ct. 394, 397 (1981).
Second, Section 15, which sets forth governmental liability for G.Lc. 84 violations, provides a key clue to the applicability of G.Lc. 84 to this case.
Ifaperson sustains bodily injury... byreasonof adefect... in or upon a way, and such injury... might have been prevented, or such defect or want of repair... might have been remedied by reasonable care and diligence on the part of the ... [governmental! person bv law obliged to repair the *99 same, he may if such... person had or, by the exercise of proper diligence, might have had reasonable notice of the defect or want of repair... recover damages from such... person, (emphasis added).
Thus, the question here may be posed this way. Was the MBTA “by law obliged to repair” the public way where Mrs. Baird tripped and fell? If not, as the cited Himelfarb and Toumley cases show, the MBTA would not be subject to, nor could it be the beneficiary of, the notice requirement or other limitations of G.Lc. 84.
As was noted earlier, the trial judge expressly found that “both parties agree the defendant MBTA was obligated to remedy the defective condition, and [that the MBTA] exercised direct control over the instrumentality which caused plaintiffs injuries and that portion of the city where the instrumentality was located.” Under the circumstances, we view ourselves bound by the results of the remarkable and, we believe, overwhelming similarities in the facts of this case to those of Farrell v. Boston Water & Sewer Commission, 24 Mass. App. Ct. 583 (1987) (hereafter Farrell). In each case a woman was injured when she fell over an approximate three inch protrusion on a public sidewalk. In Farrell the three inches resulted from different heights between two connecting sidewalk pieces, or “slabs”; here, from the remains of a sidewalk sign. In each case the sidewalk was the responsibility of the municipality to maintain, in Farrell, the City of Boston; here, the City of Somerville. In each case a second governmental agency is claimed to have shared the responsibility for the alleged defect, in Farrell, the Boston Water & Sewer Commission (Commission) ; here, the MBTA. Mrs. Farrell had sent written notice to the city of Boston as required under § 18; Mrs. Baird had sent similar written notice to the City of Somerville. Mrs. Farrellhad not given written notice to the Commission; Mrs. Baird had not given written notice to the MBTA. In Farrell, on an appeal by the Commission of a finding of its negligence and an award to the Farrells of $300,000, the lack of notice to the Commission was held fatal to plaintiffs’ claims. As noted, the trial judge has ruled the same way against the Bairds here.
But Farrell, as appellants stress, involves a claim against a government agency which has a statutory duty to maintain the sidewalk slab involved in that slip and fall case, whereas here the duty on the MBTA was not statutory. We view that distinction as inconsequential. As noted, the facts in each case are otherwise the same, and logic supports the same result here. Indeed, the purpose of requiring the written notice spelled out in § 18, to make sure the responsible governmental agency has written notice of the alleged defect so it can investigate and take necessary corrective action, (see, e.g. Paddock v. Brookline, 347 Mass. 230, 231 (1964)), is equally applicable to the MBTA. Hearn v. MBTA, 389 Mass. 404, 406 (1989). (MBTA has significant problems in investigating the substantial number of claims made againstit). See, too, Maxwell v. MBTA, 403 Mass. 1,4,5 (1988) (MBTA post accident investigations encourage safety).
Plaintiffs do not argue the separateness of Mr. Baird’s loss of consortium claim and that claim is deemed waived. In any event, under the circumstances of this case, we would find his failure to have given notice likewise fatal under sec. 18. See Paddock v. Brookline, op. cit.; Olsen v. Bell Telephone Laboratories, 388 Mass. 171, 177 (1983).
Thus, feeling bound by the precedent and logic of Farrell and its cited antecedents, we agree with the trial judge that lack of written notice to the MBTA of Mrs. Baird’s injuries was fatal to plaintiffs’ claims.
Report dismissed.
*100 APPENDIX
Chapter 84:
84:1. Repair of highways and town ways at expense of towns.
Section 1. Highways and town ways, including railroad crossings at grade with such highways and town ways, shall be kept in repair at the expense of the town in which they are situated, so that they may be reasonably safe and convenient for travelers, with their horses, teams, vehicles and carriages at all seasons. A city or town shall submit a letter of request for such repair and for approval by the state department of public works. Upon receipt of such approval, the city or town shall be reimbursed by the commonwealth from monies which may be appropriated therefor by the commonwealth and the federal government to defray expenses of such repairs for safety programming. Such reimbursement will not create liability, of any Idnd, either civil or criminal on the part of the commonwealth or the federal government
84:15. Personal injuries or property damage from defective ways.
Section 15. If a person sustains bodily injury or damage in his property by reason of a defect or a want of repair or a want of a sufficient railing in or upon a way, and such injury or damage might have been prevented, or such defect or want of repair or want of railing mighthave been remedied by reasonaole care and diligence on the part of the county, city, town or person by law obliged to repair the same, he may, if such county, city, town or person had or, by the exercise of proper care and diligence, might have had reasonable notice of the defect or want of repair or want of a sufficient railing, recover damages therefor from such county, city, town or person; but he shall not recover from a county, city or town more than one fifth of one per cent of its state valuation last preceding the commencement of the action nor more than five thousand dollars; nor shall a county, city or town be liable for an injury or damage sustained upon a way laid out and established in the manner prescribed by statute until after an entry has been made for the purpose of constructing the way, or during the construction and repairing thereof, provided that the way shall have been closed, or other sufficient means taken to caution the public against entering thereon. No action shall be maintained under this section by a person the combined weight of whose carriage or vehicle and load exceeds six tons.
84:18. Notice of injury; contents; limitation of action.
Section 18. A person so injured shall, within thirty days thereafter, give to the county, city, town or person by law obliged to keep said way in repair, notice of the name and place of residence of the person injured, and the time, place and cause of said injury or damage; and if the said county, city, town or person does not pay the amount thereof, he may recover the same in an action of tort if brought within three years after the date of such injury or damage. Such notice shall not be invalid or insufficient solely by reason of any inaccuracy in stating the name or place of residence of the person injured, or the time, place or cause of the injury, if it is shown that there was no intention to mislead and that the party entitled to notice was not in fact misled thereby. The words “place of residence of the person injured”, as used in this and the two following sections, shall include the street and number, if any, of his residence as well as the name of the city or town thereof. Failure to give such notice for such injury or damage sustained by reason of snow or ice shall not be a defense under this section unless the defendant proves that he was prejudiced thereby.

 The provisions of those sections are set out in the appendix. Future reference in this opinion to section numbers refer to that chapter, G.Lc. 84.

 In a memorandum on his ruling on defendants summary judgment motion the trial judge notes that the plaintiff tripped over a stump of metal which “was the remains of an M.B.TA bus stop sign that had been removed, in nart bv the MBTA at least two months prior to that date.” (emphasis added) However, defendants brief asserts, its counsel at oral argument represented and plaintiffs’ counsel did not dispute, that there was no support in the record of the case or in fact of the emphasized part of the ruling.

 Those claims against the City of Somerville are not part of this appeal.

 Summary judgment was also allowed with respect to Mr. Baird’s claim for loss of consortium resulting from his wife’s injuries. What we say here covers that ruling as well. See, infra, p._.