Cowin, J.
BACKGROUND
Plaintiff Catherine O. Johnson (“Johnson”) brings this action[1] against the Town of Belmont (“town”) to recover the cost of repairing damage to her property allegedly caused by the limb of a tree owned by the town. Johnson claims that on the night of December 12, 1992, the tree limb fell and caused damage to a railing and front walkway on her property. She filed suit against the town in Superior Court on September 2, 1993.
The town now moves to dismiss pursuant to Mass.R.Civ.P. 12(b)(6) on several grounds. After considering the record and arguments of each side and for reasons which follow, the Court ORDERS that the complaint is to be dismissed unless amended by the plaintiff within (30) days of receipt of this Order.
DISCUSSION
When evaluating the sufficiency of a complaint pursuant to Mass.R.Civ.P. 12(b)(6), the court must take the allegations of the complaint, as well as any inference which can be drawn from those allegations in the plaintiffs favor, as true. Eyal v. Helen Broadcasting Corp., 411 Mass. 426, 429 (1991), and cases cited. The “complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [its] claim which would entitle [it] to relief.” Nader v. Citron, 372 Mass. 96, 98 (1977), quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957); See also Charbonnier v. Amico, 367 Mass. 146, 152 (1975); Whitinsville Plaza Inc. v. Kotseas, 378 Mass. 85, 89 (1979). A complaint is not subject to dismissal if it could support relief under any theory of law. Whitinsville Plaza, supra at 89.
After carefully reviewing the pleadings and liberally construing the complaint in the instant case, the Court is still unable to determine under which statute, if any, the plaintiff is attempting to plead a cause of action. The facts, if more fully developed, could possibly form the substance of a cause of action under either of two statutes. One possibility is G.L.c. 84, §15, which provides a remedy for properly damage caused by defects in public ways. If plaintiff has a claim under G.L.c. 84, that remedy is an exclusive one. Ram v. Charlton, 409 Mass. 481, 485 (1991). Trees and tree limbs have been held to be defects subjecting a municipality such as the town to liability under G.L.c. 84, §15. See Mungo v. Worcester, 58 Mass.App. Dec. 41 (1976). From the complaint, however, it is unclear whether plaintiffs action is under G.L.c. 84 or G.L.c. 258, the Massachusetts Tort Claims Act.
Under both c. 84 and c. 258, however, a plaintiff must allege that the proper notice requirements have been met. Farrell v. Boston Water & Sewer Comm’n, 24 Mass.App.Ct. 583, 590 (1987). The giving of such notice is “an essential ingredient indispensable to the existence of the cause of action.” Paddock v. Brookline, 347 Mass. 230, 231-32 (1964). In her complaint, Johnson has failed to allege that she gave the required notice to the town. It is unclear, however, whether Johnson has actually failed to give the required notice or has simply failed to plead the giving of such notice. If she has not given the requisite notice, the failure is fatal. If, however, Johnson has given the notice but simply failed to plead it, it would be placing form over substance to dismiss the complaint.
Consequently, plaintiff shall be allowed thirty (30) days from the date of receipt of this Order to amend her complaint. If Johnson has given the town the required notice under either c. 84 or c. 258, she must plead that she has done so. If she cannot, or if she fails to amend her complaint to allege notice within the time allowed, defendant’s motion to dismiss shall be allowed,
ORDER
It is hereby ORDERED that the complaint is to be dismissed unless amended by the plaintiff within thirty (30) days of receipt of this Order.

 Plaintiff is proceeding pro se.