Sosman, J.
Plaintiff Roger Bedard has brought the present action complaining of injuries he sustained when his foot was caught between the pavement and a sewer cover located at the intersection of Stuart and Tremont Streets in Boston. Defendants City of Boston (the City), Boston Water and Sewer Commission (BWSC), Trigen Boston Energy Corporation, Metropolitan District Commission (MDC) and the Commonwealth of Massachusetts have been sued on the theory that they each owned or controlled the premises in question. The City and BWSC have filed motions to dismiss the claims against them. Where both motions refer to matters outside the complaint, but those matters are undisputed, the court has treated them as motions for summary judgment. For the following reasons, the motions to dismiss, treated as motions for summary judgment, are both ALLOWED.
Facts
Viewed in the light most favorable to plaintiff, the undisputed facts are as follows:
On April 29, 1996, plaintiff Bedard was crossing the street at the intersection of Stuart and Tremont Streets in Boston. As he was crossing, he fell and sustained injury (a sprained ankle) when his foot became caught in a gap between the asphalt paving and a sewer cover.
On May 6, 1996, counsel for plaintiff sent a notice to the Mayor’s office complaining that Bedard had been injured in a fall involving a “pothole in the roadway” at the Stuart and Tremont Street intersection. Identical claim letters referring to a “pothole in the roadway” were sent on the same date to the Attorney General and the MDC. Another identical claim was submitted to the Massachusetts Highway Department on May 29, 1996.
On May 14, 1996, the MDC wrote to plaintiffs counsel advising that the MDC neither owned nor controlled the intersection in question. The letter went on to advise that the MDC’s own records did not indicate what entity did have jurisdiction over that location. On June 6, 1996 the Massachusetts Highway Department wrote to plaintiffs counsel stating that the earlier claim to the Attorney General had been referred to.that Department for reply. In that letter, the Highway Department informed plaintiffs counsel that it was not responsible for the roadway at that location and went on to advise that “the. location in question is under the jurisdiction of the City of Boston.”
On September 26, 1996, plaintiff filed a claim form with the City Clerk’s office, again complaining that his foot had gotten caught in a “pothole.” On October 21, 1996, plaintiffs counsel submitted to the City’s Law Department some materials to substantiate the claim, including a photograph of the scene of the alleged accident. That photograph revealed that the defect referred to as a “pothole” was a gap between the pavement and a sewer cover. On December 31, 1996, the City’s Law Department sent plaintiffs counsel a letter denying the claim on the ground that the location of the defect was “under the jurisdiction or control *135 of another governmental entity, utility company or contractor.”
On May 7, 1997, plaintiffs counsel sent written notice of claim to BWSC alleging that Bedard had been injured due to “an unsafe and defective condition that existed on or about a cover owned by the Boston Water & Sewer Commission” at the intersection of Tremont and Stuart Streets. That letter, received by BWSC on May 12, 1997, was the first notice plaintiff had submitted to BWSC.
Discussion
A person injured by a defect on a public way may seek recovery from the entity responsible as provided by G.L.c. 84, §15:
If a person sustains bodily injury or damage in his property by reason of a defect or a want of repair or a want of a sufficient railing in or upon a way, and such injury or damage might have been prevented, or such defect or want of repair or want of railing might have been remedied by reasonable care and diligence on the part of the county, city, town or person by law obliged to repair the same, he may, if such county, city, town or person had or, by the exercise of proper care and diligence, might have had reasonable notice of the defect or want of repair or want of a sufficient railing, recover damages therefor from such county, city, town or person, but he shall not recover from a county, city, town or local water and sewer commission more than one fifth of one per cent of its state valuation last preceding the commencement of the action nor more than five thousand dollars; . . .
The remedy provided by G.L.c. 84, §15 is plaintiffs exclusive remedy against a municipality or public entity for defect in a public way. Wolf v. Boston Water & Sewer Commission, 408 Mass. 490, 492 (1990).
Where §15 imposes liability only on the entity or person “by law obliged to repair” the way in question, liability may not be imposed on a municipality if some other entity is obligated to repair the way or that portion of the way. Hurlburt v. Town of Great Barrington, 300 Mass, 524, 526 (1938); Giles v. City of Boston, 346 Mass. 767 (1963); Himmelfarb v. Town of Brookline, 19 Mass.App.Ct. 980 (1985). Here, the City contends that, as a matter of law, BWSC was the entity obligated to repair and maintain the sewer cover and surrounding pavement and that the City may therefore not be held liable under G.L.c. 84, §15.
BWSC was created in 1977 as a body politic and corporate and a subdivision of the Commonwealth. St. 1977, c. 436, §§1 and 3. It is not part of the City, and it is not subject to the supervision of the City. Id., In creating BWSC, the legislature simultaneously transferred “the waterworks system and the sewerage works system” to BWSC, gave BWSC “ownership, custody and control” of those systems, and imposed on BWSC “all debts, liabilities and obligations of the city pertaining to or on account of’ those systems. Id., §5. The water and sewerage works systems for which BWSC became responsible included all “lands, easements, rights in land . . . and any other property, real or personal, incidental to and included in such . . . system.” Id., §2. The property transferred would include such items as the manholes and manhole covers for the sewer system. Accordingly, BWSC owns and is responsible for the maintenance of all parts of the sewerage system, which would include the obligation to maintain the covers to the sewer holes.
With regard to the pavement surrounding such a sewer manhole cover, responsibility for maintenance is set by City of Boston Ordinance 11-6.20. The Ordinance provides that any entity that occupies a public or private way within the City “shall be responsible and liable for the maintenance and restoration of all pavement within thirty (30’j inches of any and all of the appurtenant structures where they intersect the surface of the public way, roadway or sidewalk, and shall maintain said areas and repair any defect in its entirety which ties wholly or in part in the said area.” The Ordinance goes on to specify that the term “defect” includes “pot holes, chuckholes, frost heaves, cracking, spatting, settling, delaminating or patch repair.” Thus, where BWSC owns and controls a sewer cover in a public way within the City, BWSC is also responsible for the pavement immediately adjacent to that cover — te„ it is BWSC that is responsible for seeing to it that the joinder between the cover and the pavement does not create a hazardous condition.
From the photograph submitted by plaintiff in support of his claim, there is no dispute that the “pothole” he complained of was a gap between the edge of the sewer cover and the immediately surrounding pavement and thus no dispute that that alleged defect was well within thirty inches of the edge of the cover itself. Pursuant to St. 1977, c. 436 and City of Boston Ordinance 11-6.20, BWSC was the entity responsible for repairing that alleged defect, not the City. Where the City was not the entity “obliged by law” to repair that part of the public way, the City is not liable for plaintiffs alleged injuries under G.L. c. 84, §15. The City is thus entitled to summary judgment on Bedard’s claim.
In his claim against BWSC, plaintiffs complaint names the correct defendant under §15, but his claim against BWSC is defective for failing to comply with the notice provisions of G.L.c. 84, §18. A person injured on account of a defect in a public way “shall, within thirty days thereafter, give to the county, city, town or person by law obliged to keep said way in repair, notice of the name and place of residence of the person injured, and the time, place and cause of said injury or damage." Id. Compliance with this notice requirement is a prerequisite to suit and must be alleged in plaintiffs complaint. Paddock v. Town of Brookline, 347 Mass. 230, 231-32 (1964); Farrell v. *136 Boston Water & Sewer Commission, 24 Mass.App.Ct. 583, 590, review denied, 400 Mass. 1106 (1987). See also Ram v. Town of Charlton, 409 Mass. 481, 489 (1991).
In the present case, plaintiffs complaint failed to include any allegations with respect to the giving of notice to any defendant. As to defendant BWSC, it is undisputed that notice was not given until over a year after plaintiffs injury. Accordingly, Bedard may not bring an action against BWSC.
Plaintiff argues that he should be excused from the notice requirement because he did give timely notice to other entities and because those other entities allegedly misled him into thinking that the City was the proper defendant. Neither argument is persuasive. Notice must be given to the actual “county, city, town or person by law obliged to keep said way in repair.” Notice to some other entity does not satisfy this requirement.[1] In Farrell, for example, plaintiff had given proper notice to the City (the municipality that was responsible for a portion of the defect in question) but had failed to give notice to BWSC (which was responsible for another portion of the same defect). Farrell’s claim against BWSC was defective for lack of notice, notwithstanding the fact that timely notice had been given to another responsible defendant. Recognizing that prompt identification of the proper defendant(s) may be difficult in some circumstances, the court noted that “(c]are must be taken, however, to select the correct entity against whom to proceed.” 24 Mass, App. Ct. at 587-88 n.9. Notwithstanding confusion as to the identity of the entity responsible; notice to an entity that is not responsible for maintenance and repair of the area in which the defect is located does not satisfy the statutory requirement that notice be given to the “county, city, town or person by law obliged to keep said way in repair.”
Nor did anyone mislead the plaintiff and thereby prevent him from giving timely notice to the correct entity. The only entity that responded to plaintiffs claim while there was still time to give the required notice was the MDC, and the only thing that MDC told the plaintiff was that it was not responsible for that location and that it did not know what entity was responsible. That letter from the MDC did not in any way, lull plaintiff into the mistaken belief that he had notified the correct entity. After the thirty days had expired, plaintiffs counsel received a letter from the Highway Department telling him that the City was the responsible party. Although erroneous for purposes of this claim, that inaccurate information was not provided to plaintiff until it was too late to notify the correct entity, and alleged reliance on that misinformation is not what caused plaintiff to miss the thirty day deadline on notifying BWSC.
Moreover, where plaintiffs initial notice merely described the defect as a “pothole” in the Tremont and Stuart Street intersection, the Highway Department understandably (and, correctly) identified the intersection as a location falling within the jurisdiction of the City. Plaintiff said nothing about a sewer cover or manhole in his initial notice to the City, the MDC, the Highway Department or the Attorney General’s office, and he can not blame those entities for failing to recognize that his claim might involve BWSC. Where plaintiff and his counsel were the only ones who knew that plaintiffs accident involved a sewer cover, it was not up to the other entities (who did not know that the accident had anything to do with a sewer cover) to tell plaintiffs counsel that he should send notice to BWSC.
ORDER
For the foregoing reasons, the Motion to Dismiss of defendant Boston Water and Sewer Commission and the Motion to Dismiss of defendant City of Boston, treated as motions for summary judgment, are ALLOWED.

Indeed, the very fact that plaintiffs counsel sent timely claim notices to so many different entities that might possibly have had jurisdiction over the locus strongly suggests that plaintiffs counsel was aware of the importance of notifying the right entity within the thirty day time frame.